■ FREDERICK W. HENCKEN et al., Appellants, v. SAMUEL EDELMAN, Respondent.— Order, entered on April 16, 1963, unanimously modified, on the law and the facts and in the exercise of discretion, to deny the motion to preclude as to items 4(d) and 4(h), and otherwise affirmed, without costs. The particulars set out in plaintiffs' supplemental and final bill in response to the demand as to these items, though inartistically expressed, are sufficiently definite to apprise the defendant of the nature of the plaintiffs' claims and are completely adequate to properly limit the scope of their pleading. They will, of course, be limited in their proofs to evidence of the matters set forth in their bill (see 4 Carmody-Wait, New York Practice, p. 623, § 10) and, under the circumstances, an order of absolute preclusion as to such items was improper. Concur — Breitel, J. P., Rabin, Eager, Steuer and Bastow, JJ.

■ LORAINE P. LIEBMANN, Respondent, v. HERMAN LIEBMANN, Appellant. — Order, entered May 28, 1963, in a divorce action in which plaintiff-respondent wife had prevailed, resettling first ordering paragraph of the order of November 15, 1961, referring to a Special Referee to hear and report concerning the amount of permanent maintenance and support of plaintiff-respondent and maintenance, support and education of the infant child of the marriage, unanimously reversed on the law, without costs, the direction for a reference is vacated and application to resettle said order of November 15, 1961 is denied with leave to reapply for appropriate relief at Special Term, without costs. In the absence of a showing by plaintiff wife of changed circumstances, it would be proper to determine the level of support on the basis of the 1957 judgment of separation and antecedent separation agreement providing for $18,500 annually for the support of plaintiff and child (see Zlotlow v. Zlotlow, 1 A D 2d 821, mot. for lv. to app. den. 1 A D 2d 950). It is not sufficient simply to show a passage of time during which the child has grown and there has been general inflation of prices. Therefore, the 1957 judgment, in the absence of contrary direct evidence of impact in the standard of support, would still reflect the appropriate amount to be paid by defendant husband. Consequently, a reference was unnecessary (see Zolinsky v. Zolinsky, 17 A D 2d 158, 159). The matter is remanded to Special Term for appropriate proceedings in the matter of fixing permanent alimony and support of child and for entry of judgment herein. Concur — Breitel, J. P., Rabin, Eager, Steuer and Bastow, JJ.