premises for the sale of sand or gravel is not violative of petitioner's constitutional rights *(Matter of Calcagno v Town Bd. of Town of Webster,* 265 App Div 687, affd 291 NY 701). (Appeal from judgment of Monroe Special Term in article 78 proceeding to annul determination denying permit.) Present—Marsh, P. J., Moule, Mahoney, Del Vecchio, and Witmer, JJ. [78 Misc 2d 698.]

■ ROBERT H. KLUBEK, Respondent, v PAULA K. SCHAD, Appellant. (Appeal No. 1.)—Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: The allowance for the daughter of the parties was set at $25 per week when the child was two years old. She is now eight years of age and her needs are considerably greater, without any consideration of the inflationary impact upon the allowance. Furthermore, respondent father's earnings are substantially greater than they were six years ago. The weekly support for the child is increased to $35 per week. Respondent's application to punish appellant for contempt of a prior order dealing with the religious rearing of the child was denied by Special Term. In the interest of justice and as a matter of discretion appellant is allowed $350 for counsel fees. In the circumstances, the denial of appellant's application for costs and disbursements to prosecute the appeal was a proper exercise of Special Term's discretion. (Appeal from part of order of Erie Trial Term in motion to modify order awarding custody.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ ROBERT H. KLUBEK, Respondent, v PAULA K. SCHAD, Appellant. (Appeal No. 2.)—Order unanimously affirmed, without costs. Same memorandum as in *Klubek v Schad* (49 AD2d 669). (Appeal from order of Erie Special Term denying motion for cost of transcript.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ MARGROVE INCORPORATED et al., Appellants, v WEGMAN'S FOOD MARKETS, INC., Respondent.—Order unanimously affirmed with costs, upon the opinion at Special Term, Boomer, J. (Appeal from order of Monroe Special Term in action for injunction and money damages.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ. [79 Misc 2d 309.]

■ D. MEDES GRINEFF, Plaintiff, v ITHACA COLLEGE, Respondent, and NEW YORK STATE CRAFTSMEN, INC., Also Known as YORK STATE CRAFTSMEN, INC., Appellant.—Order unanimously affirmed, with costs. Memorandum: We affirm upon the opinion at Trial Term, Livingston, J., with the following additional comment: Reading the obligation of defendant Craftsmen to furnish a certificate of insurance with a "hold harmless" clause in the context of the agreement in which it is contained, as we must (10 NY Jur, Contracts, § 207), we do not find the language vague or ambiguous. By the first sentence of the paragraph treating of insurance Craftsmen undertook to "carry comprehensive public liability and property damage insurance". The obligation thus stated obviously encompassed coverage for Craftsmen, the procurer of the insurance. The requirement, subsequently stated, that the certificate of insurance "indicate that a 'hold harmless' clause is made part of the comprehensive public liability and property damage insurance coverage", may logically be interpreted, as Trial Term has done, as entailing additional insurance protection—for Ithaca College, the owner of the premises to be used by Craftsmen. Since the promise to obtain such coverage was a contractual obligation which was partial consideration for the college's permitting use of its premises, there is no reason to restrict the scope of the required clause so as to exclude the college's own active negligence, as