■ In the Matter of BARBARA KLEIN, Respondent, v STEPHEN SHEPPARD, Appellant.—Order, Family Court, New York County, entered April 30, 1975, directing that the respondent-appellant pay $100 per week for support of each of his two infant children and awarding $2,500 in counsel fees, unanimously modified, on the facts and in the exercise of discretion, to the

extent of directing that the respondent-appellant continue to pay child support as previously paid and reducing the counsel fees to be paid by respondent-appellant to $1,250 and, as modified, affirmed, without costs or disbursements. We have found the awards granted in this matter to be excessive and have reduced them accordingly. Concur—Murphy, Capozzoli, and Lane JJ.,; Kupferman, J. P., and Silverman, J., concur in the following memorandum in which Murphy, J., also concurs. Kupferman and Silverman, JJ. (concurring). If the issue were merely whether there was an abuse of discretion by the Family Court increasing the amount of child support, there could be affirmance. However, the issue was broader than that. In May, 1970, the parties entered into a separation agreement prepared by counsel for the wife, providing for unallocated alimony and child support in the sum of $1,208 per month. In the event of divorce and remarriage by the wife, the father was in that event obligated to pay $50 per week per child for the support of each of the two children. The agreement *also provided for a cost of living increase* based on the consumer price index of the United States Bureau of Labor Statistics, over the agreed base year of 1971, and medical and life insurance. In June, 1970, the parties obtained a foreign divorce, which confirmed the terms of the separation agreement but did not merge them therein. In January, 1971, the wife remarried and had a child with her second husband. She and her present family live well but she seeks an increase in the father's payment for his two children because her expenses have overall increased. The agreement made initially was very fair. Although under it, the payment was $100 per week ($50 per child), with the cost of living provision, it is conceded that as of March, 1975, the payment was $134.50 per week, subject to further adjustment upward based on the cost of living index. In addition, the father pays $520 a year for medical insurance plus $185 for major medical, and $150 for term life insurance, for a total cost to the father of approximately $7,800 a year. Further, the agreement provides for visitation from Friday 6:00 P.M. to Sunday 6:00 P.M., and Christmas, Easter and Thanksgiving vacations and the month of August, for which the father naturally has additional expenses. Also, the tax consequences of child support as against alimony are not favorable to the father. The wife argues that the husband's standard of living has improved considerably since the separation agreement. However, this is disputed and, in any event, the items involved were all known to her and within her contemplation at the time of the original agreement. Under the circumstances, any departure from the agreement provision for child support is unwarranted. There is no showing of specific need. (See *McMains v McMains,* 15 NY2d 283; *Morse v Morse,* 45 AD2d 370, app dsmd 36 NY2d 911.)