In the Matter of JOAN SCHLEIMER, on Behalf of the DEPARTMENT OF SOCIAL SERVICES, Respondent, v CHARLES McMILLAN, Appellant.—In a proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Rockland County, dated April 5, 1976, which, after a hearing, directed (1) the appellant to reimburse the Department of Social Services the sums of $120 for December, 1975 and $200 for March, 1976, (2) him to pay the sum of $50 per week, commencing April 8, 1976, for the support of named dependents and (3) the entry of a payroll deduction order, but suspended that order pending default of two payments by the appellant. Order modified, on the law and the facts, by (1) reducing the weekly support payments to the sum of $30 per week and (2) deleting the provisions (a) for reimbursement of the Department of Social Services for the months of December, 1975 and March, 1976 and (b) which direct the entry of a payroll deduction order. As so modified, order affirmed, without

costs or disbursements. It is clear that appellant has a legal obligation to support his family to the extent to which he is able. Currently, his monthly expenses exceed his monthly income by approximately $100. Although the support obligation is paramount over other debts (see *Amato v Amato,* 45 NYS2d 371), setting support payments at 40% of appellant's net income is excessive in these circumstances. The record indicates that appellant is not sufficiently able to comply with so harsh a support order; therefore the order must be modified to fully comply with section 415 of the Family Court Act. For the same reason, the provision for reimbursement has been deleted as being in excess of appellant's current financial abilities. The record indicates good faith efforts by appellant to provide some support when he was so able. In these circumstances it is unnecessary to subject him to the threat of an automatically executed payroll deduction order. Should appellant default, the provisions of sections 454 and 460 of the Family Court Act are fully available to the Department of Social Services. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.