■ In the Matter of the CITY OF ROCHESTER, Respondent, Relative To Acquiring Title to Real Property for the Third Ward Urban Renewal Project in the City of Rochester. CHARLES A. DECKER, Appellant.—Order and judgment unanimously affirmed, without costs. Memorandum: Respondent, Charles Decker, appeals from a judgment which awarded him $48,500 as compensation for the taking of real property on November 27, 1968 by the City of Rochester for the Third Ward Urban Renewal Project. He contends that the trial court failed to give the conflicting evidence of the opposing expert witnesses the proper relative weight and, as a result, made an inadequate award. Specifically, he alleges that the trial court improperly applied a 5% vacancy factor when applying the income approach to determine the value of an owner-occupied building which had never been vacant; improperly applied an obsolescence factor to depreciation when using the cost approach, improperly applied a 12% capitalization rate, and failed to have all elements of the award be within the range of the expert testimony. We find that the trial court adopted respondent's own 5% vacancy figure rather than the city's 2% figure. The 10% obsolescence factor was warranted under the circumstances; and, in any event, the cost approach, since the property was not a specialty, was used only as a check on the other valuation methods. The trial court rejected the city expert's 15% capitalization rate as excessive and properly found a 12% capitalization rate which was closer to the rate proposed by the respondent. Further, except for a $1 difference in gross rental which was accounted for by "rounding-off", all of the elements of the award were within the range of the expert testimony and sufficiently explained. Finally, although respondent's expert was more experienced than the city's expert, the alleged examples of the inexperience of the city's expert in preparing his appraisal are not so substantial as to warrant according his testimony no weight. Since there was no error of law and the award was within the range of evidence, we see no reason to disturb it. (Appeal from order and judgment of Monroe Supreme Court—condemnation.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.

■ KATHLEEN I. WALSH, Respondent, v ROBERT J. WALSH, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: Without statement of reasons, Special Term denied the application for modification of the child support provisions of the judgment of divorce entered in September, 1973. We find that the papers before Special Term, as shown by the record on appeal, were inadequate to support a determination. Neither the judgment sought to be modified nor the separation agreement, the terms of which were partly embodied in the judgment, was presented to the court. Moreover, although the parties set forth their respective claims of change of financial circumstances, which in various respects were in dispute, no reference was made to the needs or interests of the children; and no testimony was taken. Because of the inadequacy of the presentation, Special Term properly denied it. (Appeal from judgment of Monroe Supreme Court —support.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.