■ ROBERTA COEN, Respondent, v STANLEY J. COEN, Appellant.—Orders, Supreme Court, New York County, entered August 3, 1976, confirming the Referee's report and denying cross motion to disaffirm the Referee's report, and modifying the judgment of divorce between the parties granted June 23, 1972, so as to increase the amount that defendant is required to pay for the support and maintenance of his and plaintiff's three children from $50 per week per child to $85 per week per child, is modified, on the law and the facts, so as to fix the amount that said defendant is to pay for support and maintenance for each of said three children at the sum of $65 per week per child, and otherwise affirmed, without costs and without disbursements. Although this court has previously held that neither an increase in the husband's means standing alone *(Matter of Best v Baras,* 52 AD2d 557), nor an increase in the general cost of living with no showing of an increase in need *(Edelstein v Edelstein,* 28 AD2d 979; *Liebmann v Liebmann,* 19 AD2d 821) justifies an increase in the amount of support, a combination of factors may require the court to modify support allowances in the light of the total situation, especially as we deal with the support of children who are not parties to or bound by the agreement between their parents. In the present case, defendant's income appears to have increased substantially since the original amounts were agreed upon; the children's needs are no doubt greater; there has been a substantial increase in the cost of living. On the other hand, the increase directed by Special Term from $50 per week per child to $85 per week per child amounts to a 70% increase in the children's support provision. None of the changes in the situation of the parties justifies so large an increase over what had been agreed upon in June, 1972, two and one-half years before the making of the present motion to increase the support. Furthermore, the wife is receiving $200 per week for her support. On balance, we think that an increase of the children's support payments to $65 per week per child is a fair figure in all the circumstances. While the husband originally did not wish to order minutes of the hearings before the Referee, his motions before Special Term to overrule the Referee's report and his appeal to this court to overrule Special Term both required the minutes, and accordingly, we see no error in Special Term's requiring him to pay for the minutes. While the counsel fee originally requested by the wife in this matter was only $550, that was before the parties knew the matter would be referred to a Referee, that there would be three hearings before the referee, with a 650-page transcript and motions before Special Term to confirm and disaffirm the Referee's report, and this appeal. In the circumstances, we think that the allowance of $2,500 counsel fee to the wife's attorney was not unreasonable. Concur—Stevens; P. J., Kupferman, Silverman and Markewich, JJ.; Murphy, J., dissents in the following memorandum: Defendant, a psychiatrist, had a gross income

of $51,713 in 1971. In 1972, the year of the parties' divorce, his gross income was $70,691. The following year, 1973, his gross income rose again to the sum of $83,853. As the defendant's practice grows, his gross income will correspondingly increase in the ensuing years. Hence, there can be little doubt that he has and will have the financial means to afford an increase in child support of $35 per week per child or a total of $420 per month for his three children. The testimony was undisputed before the Referee that the plaintiff and the parties' three children live in a two-bedroom apartment on East 72nd Street in Manhattan. The rent for that apartment is $408 per month. Defendant admitted that it was not a healthy situation for the two girls and a boy to be sleeping in the same room at this stage of their adolescence. At the present time, it is safe to state that a three-bedroom apartment in this exclusive area on the east side can not be rented for less than $600 per month. I would allow a $200 increase in child support for this item. One of the children, Michael, is suffering from a congenital hemangioma (tumor) of the left eyelid. Concededly, the plaintiff is paying $60 per month for an after-school program that teaches the boy games and sports. This item should also be allowed. The three children presently attend the Lenox School with a total net tuition cost of $1,650. There is no real dispute that the defendant placed a high premium on education and he previously expressed the wish that the children attend a quality school. In light of the defendant's prior sentiments, increased child support of $140 per month for the three children's tuition is quite reasonable. In addition to the basic tuition expense, I would permit increased support of $22.50 for transit fare to and from school in this two-fare zone. The items, discussed above, represent an increase of $422.50 per month. While the increase is sizable, it is warranted by the facts in this record. In reaching this figure, I have considered various other items, such as baby-sitting ($220 per month), but have found that those increased expenses are more than offset by plaintiff's recent earnings. Accordingly, I would affirm.