■ In the Matter of BARBARA C. GOULD, Respondent, v JOSEPH A. HANNAN, Appellant.—Order, Family Court, New York County, entered March 8, 1976, as clarified by an order of that court, entered on or about June 1, 1976, granting petitioner's application for an upward modification of child support from $250 per month to $600 per month and awarding counsel fees of $2,500, plus disbursements of $834.50 to petitioner's attorney, unanimously modified, on the law and on the facts, by reversing so much thereof as granted the upward modification, by denying the request for such relief, and otherwise affirmed, without costs and without disbursements. These parties were married on May 5, 1960. On September 25, 1967, they signed a formal separation agreement which provided $250 support for their child. An additional $150 per month was allocated for child care during the period that the petitioner remained unmarried. Pursuant to the terms of the separation agreement, the respondent was also required to pay for his daughter's medical, hospital, dental, educational and cultural expenses. The parties were later divorced on March 22, 1968. On June 24, 1974, this petition was brought to seek an upward modification in the child support provisions of the agreement. The petitioner later remarried on April 26, 1975 and, at that juncture, respondent reduced support payments to $250 per month in accordance with the terms of the agreement. In its order, the lower court raised support payments to $600 per month. At the time the separation agreement was executed, the respondent earned approximately $45,000 per year while the petitioner earned about $16,000 per year. When the parties separated the property was divided so that the petitioner received $142,000 and the respondent received $17,000. When this application for increased child support was made in 1974, respondent was earning approximately $98,000 per year and petitioner was earning about $37,000 per year. The respondent owns a $250,000 estate in Southampton and has other extensive holdings. The petitioner's second husband has a yearly income of $125,000. Those parties now reside in a Sutton Place condominium valued at $170,000. In order to determine whether support should be increased, cognizance must be taken of the father's financial means as well as the child's needs *(Matter of Best v Baras,* 52 AD2d 557). From the financial data that has been delineated above, there can be little doubt as to

the respondent's financial ability to pay for the upward modification to $600 per month. The more crucial question thus presented is whether the child's needs warrant the increase. The expense budget of $31,950, submitted by the petitioner on behalf of her daughter, is unworthy of any extended discussion. Suffice it to say that it must be completely rejected since it is highly misleading, inaccurate and exaggerated. In the absence of any other showing of need, increased support can not be awarded merely because a child has grown older and prices have become inflated. *(Liebmann v Liebmann,* 19 AD2d 821.) Upon this record, the application for increased child support must be denied for the evidence indicates that the child's expenses are more than amply being covered by the support provisions in the separation agreement *(Matter of Klein v Sheppard,* 52 AD2d 532). Concur— Murphy, P. J., Birns, Capozzoli and Lane, JJ.