■ DOROTHY E. RIPOSO, Respondent, v ANTHONY RIPOSO, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: Special Term incorrectly increased support payments to be paid by appellant husband from $20 per week to $35 per week for each of his four minor daughters who reside in New York State with the respondent, appellant's former wife, and her new husband and his four children. The facts in this record fail to demonstrate changed circumstances sufficient to warrant an upward modification of support. No evidence was presented of appellant's earnings in 1970, at the time when the separation agreement was entered into, or 1971, when the divorce decree which incorporated the separation agreement was granted. Indeed, Special Term specifically found that there was no evidence of any increase in the husband's financial condition from 1971. It granted modification solely on the basis of inflation in the cost of living and the passage of six years which brought three of the minor children to their teens with accompanying increased expenses. While we have approved an increase in support payments where a child's needs as she grew older were considerably greater, in that case there was also a specific finding that the father's earnings were substantially greater *(Klubek v Schad,* 49 AD2d 669). The mere fact that the children have grown older and prices have become inflated does not serve, absent any other showing, as a basis for increased support *(Matter of Gould v Hannan,* 57 AD2d 517, 518; *Coen v Coen,* 56 AD2d 810; *Liebmann v Liebmann,* 19 AD2d 821). In considering an application to increase support payments fixed in a separation agreement or in a judicial decree, the prime consideration must always be the best interests of the child, insuring that it is adequately provided for regardless of the provisions and terms of the separation agreement entered into by its parents. While each case must be considered on an *ad hoc* basis and upon its own facts and circumstances, "Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed [citations omitted]. Unless there has been an unforeseen change in circumstances and a concomitant showing of need, an award for child support in excess of that provided for in the separation agreement should not be made based solely on an increase in cost where the agreement was fair and equitable when entered into [citations omitted]" *(Matter of Boden v Boden,* 42 NY2d 210, 213). In this case there was a detailed separation agreement prepared by the attorneys representing the wife which states that support shall be paid by the husband to the wife in the sum of $20 per week per child and shall continue "until each such child reaches the age of 21 years or becomes sooner emancipated". The agreement further provides that the husband will pay for all necessary dental, surgical, medical, hospital and drug expense until each child reaches age 21 and that he will carry $20,000 life insurance payable on his death to the "children" as beneficiaries. Such terms evidence careful consideration of the future and indicate that the agreement was

entered into freely by the respondent wife with advice of counsel. Under these circumstances we conclude that the parties must have believed that their separation agreement was "fair and equitable" when they entered into it. Finally, we believe that similar considerations, i.e., unforeseen change in circumstances, together with an increase in the father's means govern an application to Family Court made for modification of support payments (Family Ct Act, § 413; *Matter of Boden v Boden, supra,* p 213). As noted, however, neither has been demonstrated on the record before us. (Appeal from order of Onondaga Supreme Court—modify support.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.