OPINION OF THE COURT
Howard Miller, J.
The petitioner, James G. Bender, now unemployed, the father of two minor children, seeks contribution for the support of the two said children of the former marriage between the petitioner and the respondent for the period that the *722 petitioner remains unemployed. The respondent, Loretta A. Bender, the mother of the two said children, raises the defense, that by way of a modification of a separation agreement, the petitioner waived any claims for the support of the two children from the respondent herein. The petitioner now seeks a temporary support of $30 per week providing for both of the children residing with him during the period that he is unemployed.
It is basic law that the court will not disturb support provisions contained in a separation agreement unless there is a showing of fraud, that the agreement was not fair and equitable when made or a showing of unanticipated and unreasonable change of circumstances (Matter of Boden v Boden, 42 NY2d 210).
In the case at bar, petitioner’s status of unemployment has extended beyond the time he anticipated when the modified separation agreement was signed in October of 1977. Upon considering the assets, liabilities, and the obligations of the petitioner and the fact that the mother of the children, the respondent herein, is regularly employed, the court finds that an order of support to be paid by the respondent is a proper responsibility to be imposed upon her while the father, the petitioner herein, is unemployed (Matter of Carter v Carter, 58 AD2d 438). The parties cannot contract away the rights of the children. The court in its position as parens patriae is concerned with the welfare of the children.
Accordingly, it is directed that an order of support be issued herein requiring the respondent to pay to the Rockland County Support Collection Unit to be forwarded to Ulster County, Director of Probation, Kingston, New York, the sum of $30 per week to be forwarded to the petitioner for the support of the two infant children of the marriage. This payment shall continue during periods while petitioner is unemployed and said order shall cease and terminate when petitioner is re-employed. The said payment shall not apply in any year immediately following a calendar year in which the petitioner earned more than $12,500 gross inclusive of unemployment insurance.
Upon making such claim the petitioner shall attach a copy of his Federal income tax return for the calendar year immediately preceding the year in which the claim for support is made. It is further ordered that all moneys now held in escrow by the Support Collection Unit, Rockland County or by *723 the Ulster County Probation Department concerning this case be forthwith paid to the petitioner.
The motion to dismiss made by the respondent is denied. Motion to dismiss on the grounds that no prima facie case has been shown is denied.