■ In the Matter of JOAN A. SACCO, Respondent, v MICHAEL SACCO, Appellant.—Order affirmed, with costs. Memorandum: We find no abuse of discretion in Family Court's upward modification of the child support provisions of the decree. Between May 29, 1970, when the parties entered into the separation agreement, and October 27, 1977, when the modification hearing was held, respondent's annual income had increased from $9,500 to approximately $50,000, tax-free. The proof at the hearing was that petitioner, who had been unemployed at the time of the agreement, had earned $1,396 in 1976 and $2,000 in 1977. This drastic widening of the difference between the respective incomes of the parties, unanticipated at the time the agreement was signed, constitutes an unforeseen change in circumstances sufficient to warrant a modification under Matter of Boden v Boden (42 NY2d 210, 213). While $25 per week per child undoubtedly represented a fair and equitable division of the financial burden of child support when respondent's income was $9,500, it can hardly be said to be so when his income has increased over fivefold. We do not agree that petitioner failed to show the requisite need for additional support (Matter of Boden v Boden, supra, p 213). Respondent's attorney conceded that the children have needs which petitioner cannot afford to meet. It appears that it has been necessary for respondent to supplement the mandated support payments by buying the children sports equipment, clothes, shoes, books, appliances, etc. That respondent voluntarily meets the needs of the children does not alter the fact that absent his voluntary assistance the support payments required by the decree are inadequate to meet those needs. Indeed, the fact that he must give such additional assistance establishes the inadequacy of the stipulated payments. All concur, except Callahan and Witmer, JJ., who

dissent and vote to reverse the order and dismiss the petition in the following memorandum.

Callahan and Witmer, JJ. (dissenting). On this appeal respondent husband questions the authority of the court to modify a judgment of divorce which incorporates, without merging, the terms for support contained in a separation agreement, when the record does not show that the children have any need that is not met. We would hold that in such circumstances the court may not modify the judgment to increase the support payments. Under the separation agreement of May, 1970 petitioner wife received the marital residence (which was new only four years earlier) subject to an adjustment in respondent's favor; and she received the household furnishings valued at $15,000 and an automobile. Respondent agreed to pay to petitioner $25 per week for alimony and also $25 per week for each of the four children of the marriage for their support. The custody of the children was granted to petitioner subject to respondent having them each Tuesday. Respondent also agreed to maintain Blue Cross and Blue Shield health insurance for the children and to pay their dental expenses. On September 12, 1972 petitioner obtained a default judgment of divorce which incorporated the above terms of the agreement but did not merge the agreement therein. The judgment provided that an application for modification of the terms of alimony, custody and support were referred to Family Court. In June, 1977 petitioner instituted this proceeding in Family Court for an upward modification of the support payments for the children to the sum of $45 per week. She based her application on the fact, acknowledged on the hearing, that respondent's income has risen to $50,000 per year, and also upon the assertion that inflation has reduced the real value of the support payments provided for in the separation agreement and judgment. Respondent resisted the application, asserting that the bases of the application are insufficient in law in the face of the separation agreement embodied in the judgment of divorce. He points to the facts that since 1970 and 1972 petitioner's financial status has also improved substantially; that the children, now 19, 17, 14 and 11 years old respectively (two girls and two boys, in that order), are well cared for and have no need that is not supplied. Petitioner acknowledged that the separation agreement was prepared by her attorney and that at the times when it was executed and later incorporated in the judgment of divorce, it was fair and equitable and that respondent made no improper representation to her with respect to it. Family Court modified the judgment by increasing the support payments only $10 per week for each child. The insignificance of the increase in the circumstances of this case suggest that this appeal by respondent is taken as a matter of principle. The record shows that petitioner has bought the older daughter an automobile, the cash payment thereon being $2,700. She also bought her a $600 TV set and a new bedroom set. The other children take lessons in hockey, roller skating and bowling, and petitioner devotes much time and gasoline to driving them to these endeavors and for their other activities. Petitioner testified to making substantial expenditures for their clothing and other needs, and there is no evidence that the children have any need that is not supplied. Respondent has the children every Tuesday. He takes them grocery shopping each Tuesday for their evening meal with him and his present wife; and on such trips he buys them items of clothing, toiletries, etc., according to their wishes. He testified, and produced receipts in many instances in support thereof, that he has also bought them sports equipment, jewelry, bicycles, cameras, hair dryers, record players, toys and craft appliances. He states that there is a good relationship between them and him; that if they

need anything they tell him so and he buys it for them or gives them money for it; that he believes that they have no need that is not supplied, and that they are always well dressed. Petitioner testified that she wants the increase in weekly payments to help her pay her over-all expenses in maintaining her home and the children. None of the children was produced to contradict respondent's testimony. Since petitioner acknowledges that the separation agreement was fair and equitable when made, without any misrepresentation, there is no basis for vacating or altering it *(Schmelzel v Schmelzel,* 287 NY 21, 27). Petitioner's reliance on *Stern v Stern* (63 AD2d 700) is misplaced. In that case the court vacated a separation agreement which had been drawn by the husband's attorney and which the court deemed overreaching. Nothing of that nature is present here. Although inflation is devastating, it affects everyone alike, and it alone has been held insufficient cause for modifying the monetary provisions of a matrimonial judgment *(Riposo v Riposo,* 60 AD2d 790; *Matter of Gould v Hannan,* 57 AD2d 517, affd 44 NY2d 932; *Liebmann v Liebmann,* 19 AD2d 821). Moreover, there has been no showing in this case of any unmet need of the children (see *Matter of Fensterheim v Fensterheim,* 55 AD2d 516; *Walsh v Walsh,* 55 AD2d 1047). Under such circumstances the court below erred in modifying the judgment of divorce (see *Matter of Klein v Sheppard,* 52 AD2d 532). In *Matter of Boden v Boden* (42 NY2d 210, 212-213) the court said: "Where, as here, the parties have included child support provisions in their separation agreement, the court should consider these provisions as between the parties and the stipulated allocation of financial responsibility should not be freely disregarded. It is to be assumed that the parties anticipated the future needs of the child and adequately provided for them. It is also to be presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child. * * * Absent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed". (To like effect, see *Riposo v Riposo, supra; Matter of Gould v Hannan, supra.)* Petitioner contends that the record shows that the children need more money. Respondent's attorney acknowledges that the children have needs which petitioner cannot afford to furnish but he asserts that respondent has been voluntarily supplying those needs, so that it cannot be said that they are in need in any way; and that respondent believes that as parent he has the right to feel needed by his children and the right to keep their respect and gratitude by supplying them with money and items of need beyond that which he is required to do under the agreement and judgment of divorce. This is a special circumstance and creates a nice point. The court is not bound by the separation agreement and can modify upwards a judgment of divorce if the justifiable needs of the children require it (see *Kover v Kover,* 29 NY2d 408, 413-414; *Berzins v Berzins,* 64 AD2d 881). Since the evidence in this record, however, shows that the children have no need that is not being met, the court erred in modifying the judgment (see *Toppel v Toppel,* 67 AD2d 628). Accordingly, we would reverse the order and dismiss the petition. (Appeal from order of Erie County Family Court—support.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.