■ In the Matter of JOANN KURR, Respondent, v HOWARD KURR, Appellant.—Appeals by the father from (1) an order of the Family Court, Suffolk County, dated January 9, 1978, which modified the parties' judgment of divorce by increasing his child support payments from $30 per week per child to $40 per week per child (this order was vacated on March 21, 1978 and a "rehearing" was directed), (2) a further order of the same court, dated April 19, 1978, which, after a hearing, modified the divorce judgment by increasing child support payments to $40 per week per child, and (3) a payroll deduction order of the same court, also dated April 19, 1978. Appeal from the order dated January 9, 1978 dismissed, without costs or disbursements. That order was vacated on March 21, 1978, when the "rehearing" was directed. Orders dated April 19, 1978 reversed, on the law and the facts, without costs or disbursements, payroll deduction order vacated, and application to modify the judgment of divorce denied. Petitioner's grounds for requesting an increase in support were the rising cost of living and the loss of a supplemental income formerly provided by a son who had lived with her, but who had recently left the household. However, inflation and the rising cost of living are insufficient justifications, by themselves, for increasing a father's support obligation (see *Riposo v Riposo,* 60 AD2d 790; *Schine v Schine,* 45 AD2d 687; *Liebmann v Liebmann,* 19 AD2d 821), and the loss of the supplemental income provided by the son was more than compensated for by the removal of the burden of feeding and clothing him. The failure of this son to attend college relieved the father of any obligation to support him further. It is not such a "changed circumstance" as to merit modification of the support award, especially in light of the fact that petitioner is not required to support him for the additional reason that he has been emancipated. The fact that the father's income has not increased since the divorce militates against the upward modification. Finally, the payroll deduction order was unjustified in view of the uncontroverted evidence that, to date, the father has met his support obligations conscientiously and promptly (see *Matter of Schleimer v McMillan,* 54 AD2d 701). Damiani, J. P., Rabin, Gulotta and Cohalan, JJ., concur.