■ · ANNE BAJAK, Appellant, v JOSEPH BAJAK, Respondent.—Order unanimously reversed, with costs, and matter remitted to Erie County Family Court for further proceedings in accordance with the following memorandum: Appellant seeks review of an order of Family Court dismissing her petition for upward modification of child support. On June 13, 1974 the parties, who had been married for 18 years, entered into a separation agreement which contained provisions disposing of their property, including a provision granting exclusive possession of the marital residence to appellant. The agreement granted custody of the five children to appellant but did not contain any provision for their support. The divorce decree of August 8, 1974 provided for no alimony but did direct child support totaling $100 per week. In the modification proceedings held before Family Court on May 12, 1978, appellant testified to the increased costs of raising the children since the divorce in 1974. Her attempt to call respondent as her first witness was prevented by the court which held that respondent's testimony would be premature. At the close of appellant's testimony, the court granted respondent's motion to dismiss the petition on the ground that appellant had failed to present a prima facie case of changed circumstances. Family Court erred in dismissing the petition without allowing appellant to prove respondent's financial circumstances. An order increasing child support payments may be made upon a finding that circumstances have changed with respect to the father's means and the children's needs (see *Matwijow v Hay,* 63 AD2d 859; *Raphan v Raphan,* 63 AD2d 624; *Coen v Coen,* 56 AD2d 810, app dsmd 42 NY2d 966; *Klubek v Schad,* 49 AD2d 669). Appellant adduced sufficient proof to support a finding that the children's needs had increased and was entitled to an opportunity to prove that the respondent's means had also increased. She was not required to show special circumstances before being entitled to financial disclosure of the father's financial circumstances (Family Ct Act, § 424-a; Domestic Relations Law, § 250). Further, the requirement in *Matter of Boden v Boden* (42 NY2d 210, 213) that "an unforeseen change in circumstances" be shown, is not applicable here because the separation agreement did not contain a provision for support. (Appeal from order of Erie County Family Court—support.) Present —Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.