■ In the Matter of JAMES G. BENDER, Respondent, v LORETTA A. BENDER, Appellant.—In a support proceeding, the appeal is from an order of the Family Court, Rockland County, dated May 31, 1978, which, *inter alia,* directed the mother to pay support for her children, who reside with the petitioner father, upon certain conditions. Order reversed, on the law, with $50 costs and disbursements and petition dismissed. The petitioner made an application in December, 1977 for an order directing appellant to contribute to the support of the parties' two minor children who resided with the petitioner. Under the provisions of a separation agreement, incorporated but not merged into the judgment of divorce of June, 1977, the appellant was not required to contribute to the support of her children. Since the provisions of an agreement ordinarily govern the contributions of the parties, the petitioner was obliged to make a showing of need created by an unanticipated change in circumstances in order to defeat the agreement (see *Matter of Boden v Boden,* 42 NY2d 210). No such showing was made. Thus, the order must be reversed and the petition dismissed. In addition, we note that the order, which conditioned support on the happening of future events, was improperly drawn. An order should speak as of the day it was drawn and be based on then existing facts (22 NYCRR 699.9 [f] [5]; *Tumolillo v Tumolillo,* 71 AD2d 625). Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur. [94 Misc 2d 721.]