■ LOUISE NARDONE, Appellant, v J. STANLEY COYNE, Respondent. — Order unanimously affirmed, without costs, and matter remitted to Onondaga County Family Court for further proceedings in accordance with the following memorandum: Petitioner appeals from an order of Family Court which dismissed three petitions seeking modification of support payments for her out-of-wedlock child. The amount of support was fixed by this court in 1965 *(Matter of Nardone v Coyne,* 23 AD2d 819, affd 18 NY2d 626). On June 17, 1974, Family Court modified our order and directed respondent to pay $125 per week for the child's support, plus orthodontic expenses. The order appealed from is dated September 23, 1976. We are thus limited in our review to the question of whether petitioner demonstrated such a change in circumstances between June 17, 1974 and the date of the order appealed from as would justify an upward modification of support. It does not appear that there was any material change in the ability of respondent to support the child. The record demonstrates that he has long been a man of substantial financial means. It is also clear that the only changes in the needs of the child from 1974 to the date of the hearing were those resulting from

inflation, from his maturing, and from his transfer from public school to private school. The mere fact that a child has grown two years older and prices have become inflated will not, standing alone, serve as a basis for increased support *(Riposo v Riposo,* 60 AD2d 790; cf. *Klubek v Schad,* 49 AD2d 669). Nor may the cost of the child's private education be charged to respondent where, as here, it is demonstrated that the child was able to function in the public school system *(Wagner v Wagner,* 51 Misc 2d 574, 576, affd 28 AD2d 828, mot for lv to app dsmd 20 NY2d 803; *Brotherton v Brotherton,* 73 AD2d 1062; *Matter of Monesi v Monesi,* 55 AD2d 1020). Thus, petitioner failed to demonstrate a basis for upward modification of support. In denying her petitions, Family Court found, albeit erroneously, that respondent was obligated to pay the cost of the child's private education. The court further found, however, that the amount of $125 per week was adequate to cover that cost. Petitioner might reasonably have believed, therefore, that there was merit to this appeal. In such circumstances, the matter should be remitted to Family Court to determine the amount, if any, that should be awarded to petitioner for counsel fees upon the appeal (Family Ct Act, § 536; see *Matter of Giacoman v Boer,* 23 AD2d 737). In remitting the matter, we also note that Family Court should rule upon petitioner's *pro se* application for reimbursement of expenses incurred in the proceeding at Family Court. (Appeal from order of Onondaga County Family Court — modify support.) Present — Dillon, P. J., Schnepp, Callahan, Doerr and Witmer, JJ.