OPINION OF THE COURT
Joseph A. Esquirol, Jr., J.
THE FACTS
Petitioner, Paul M., the custodial parent, has initiated this proceeding seeking modification of the parties’ divorce decree. The parties entered into a separation agreement which provides for custody of the two infant issue of the marriage to go to the father. The separation agreement *1095 made no reference to child support although there is a clause relating to support of the wife for a limited time period.
The agreement was incorporated but not merged in the subsequent divorce judgment. The divorce decree, like the separation agreement, fails to make any provision for child support. It does, however, specify that the Family Court has concurrent jurisdiction with the Supreme Court for the purpose of making further decrees with respect to alimony, support, custody or visitation. (See Family Ct Act, § 466.)
At the outset of the hearing, respondent raised the applicability of the holding in Matter of Bender v Bender (72 AD2d 745) to the case at bar. Bender, which relies on the Court of Appeals decision in Matter of Boden v Boden (42 NY2d 210), held that where a mother is not required to pay child support under the terms of a separation agreement that was incorporated but not merged in a divorce decree, it is necessary for the father to demonstrate an unanticipated and unforeseen change in circumstances in order to defeat the agreement and get a financial contribution to the children’s support. Petitioner maintains that the Boden and Bender requirement does not apply to the case at bar.
Respondent sought to introduce parol evidence to demonstrate that when the parties entered into the separation agreement the intention was for the father to assume full financial responsibility for the children’s support and that there was no expectation of a contribution to the children’s support from the mother. Petitioner opposed the introduction of parol evidence.
As the two issues raised are strictly questions of law, counsel stipulated to have the court determine these issues on the basis of the pleadings and memoranda of law.
THE ISSUES
Simply stated, when an agreement has been reduced to a writing, the parol evidence rule precludes the introduction of extrinsic evidence of any contemporaneous oral agreement when offered to contradict, vary, add to or subtract from the terms of the contract. (Richardson, Evidence [10th ed], § 601.)
*1096 There are certain exceptions to the rule. Parol evidence is admissible to show that what appears to be a contractual obligation is, in fact, no obligation at all because the contract is void, voidable or has been avoided. In such a situation, parol evidence is not used to vary the contract but to negate its very existence as a contract. (Richardson, Evidence [10th ed], § 607.)
Parol evidence is competent to establish the unenforceability of an apparently valid contract when the parol evidence establishes that the consent of one of the parties was obtained by fraud, mistake, duress or undue influence. (Richardson, Evidence [10th ed], § 609.)
When a written contract appears on its face to be an incomplete writing, parol evidence may be used to complete the writing so long as the offered evidence is consistent with and not in contradiction to the contract’s terms. It is not to be used merely to add an additional term which might have been, but was not, included in the writing. (Richardson, Evidence [10th ed], § 614.)
If a contract contains language which is unclear or ambiguous, such as a word which has acquired a specific trade meaning, parol evidence may be used as an aid to interpretation of the language. (Richardson, Evidence [10th ed], § 625.) Similarly, parol evidence may be used to show the circumstances surrounding the execution of the writing, if the contract contains language of doubtful meaning. If it would not be possible for the court to ascertain the parties’ intention because of such a doubtful meaning, the extrinsic evidence of collateral facts and surrounding circumstances serves to assist the court in interpretation. (Richardson, Evidence [10th ed], § 626.)
The separation agreement entered into by the parties is without question a contract and the rules of evidence pertaining to contracts, including the parol evidence rule, apply to this case.
The court has examined the separation agreement and finds that none of the exceptions to the parol evidence rule can be applied in this case to permit the introduction of parol evidence.
There is no claim that the separation agreement does not represent a contractual obligation, nor is there any claim *1097 that the agreement is an unenforceable contract by reason of fraud, mistake, duress or undue influence. The court notes that both parties were represented by independent counsel at the time they entered into the agreement. In fact respondent is presently represented by the same attorney who drafted the agreement and who represented her when she entered into it.
There are no ambiguities or doubtful meanings in the language used in the contract which would call for the admission of parol evidence.
Although the parties could have incorporated provisions for child support in the separation agreement, their failure to do so does not render the agreement an incomplete writing requiring parol evidence for its completion.
“A husband and wife, in entering into a separation agreement, may include in that agreement provisions pertaining to the support of the children of their marriage.” (Matter of Boden v Boden, 42 NY2d 210, 212; emphasis added.) The absence of a support provision in a separation agreement or in the divorce decree in which the agreement is incorporated does not “eliminate *** either parent’s duty to support a child of the marriage * * * In the absence of an order of the supreme court or of another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support.” (Family Ct Act, §461, subd [a].)
Lacking any basis for allowing respondent to introduce parol evidence in contravention of the parol evidence rule, the court finds, as a matter of law, that the parties’ intention on entering into the separation agreement must be determined from an examination of the document itself without the use of any extrinsic evidence.
Having found the use of parol evidence improper in this case, the court now may determine if the Court of Appeals decision in Matter of Boden v Boden (supra) is applicable to the separation agreement as it reads on its face and without consideration of any other evidence.
Boden (supra) was a proceeding initiated by a custodial parent who sought to modify a support order to an amount in excess of that provided for in a separation agreement. *1098 The Court of Appeals addressed the effect to be given the child support provisions in a separation agreement. As in any contract, the terms of the agreement are binding on the husband and wife, but the child, who is not a party to the contract, is not bound. An action for support may be commenced against a noncustodial parent despite the agreement’s existence. When the parents have contracted as to child support, the Family Court is not constrained by the agreement’s terms, nevertheless the court should give some consideration to the provisions and should not freely disregard the terms. It is assumed that in arriving at the child support provisions, the parties anticipated the children’s present and future support needs and arrived at a mutually acceptable allocation of the financial responsibility of meeting those needs. Accordingly, the court held that “[AJbsent a showing of an unanticipated and unreasonable change in circumstances, the support provisions of the agreement should not be disturbed”. (Matter of Boden v Boden, supra, at p 213.)
As support for the respondent mother’s position that a separation agreement which is silent on child support is controlled by the Boden decision, respondent cites to Matter of Bender v Bender (72 AD2d 745). In Bender the Appellate Court, relying on Matter of Boden v Boden (supra), reversed a trial court decision that required a noncustodial parent to pay child support when, “Under the provisions of a separation agreement, incorporated but not merged into the judgment of divorce *** the appellant was not required to contribute to the support of her children.” (Matter of Bender v Bender, supra, at p 745.) Although at first glance the Bender holding applying the Boden rule would appear to control in this case, Bender is distinguishable from the case at bar. As petitioner’s memorandum points out, a reading of the trial court decision shows that the separation agreement in Bender was not, like the agreement before this court, silent on child support, but involved a modification of the separation agreement wherein the custodial parent waived any claims for support of the parties’ two children. (Matter of Bender v Bender, 94 Misc 2d 721.)
*1099 In Boden (supra) and Bender (supra) the separation agreements contained specific clauses pertaining to child support. It is the very existence of these provisions within a separation agreement which gives rise to the assumption that the parties considered the children’s needs and negotiated an appropriate and fair settlement regarding child support. When a separation agreement is silent on child support, the court cannot make this assumption. There is in such a case no basis for imposing the Boden requirement that unforeseen circumstances be demonstrated by the party petitioning for support.
Accordingly, the court finds, as a matter of law, that the Boden requirement of a showing of an unforeseen change in circumstances is not applicable to a support proceeding when the parties’ separation agreement contains no child support provisions. (Bajak v Bajak, 71 AD2d 823.)
The matter is set down for a hearing in Part I on October 30, 1981 at 9:30 a.m. for consideration of an order of support.