■ ALYCE GORDON, Appellant, v FRANKLIN GORDON, Respondent. — In an action in which the parties were granted a dual divorce, plaintiff wife appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), dated June 25, 1982, which denied her motion for an order directing defendant husband to pay $100 per week for child support. Order affirmed, with $50 costs and disbursements. Plaintiff relied primarily on the holdings in *Sessa v Sessa* (84 AD2d 786) and *Bajak v Bajak* (71 AD2d 823) as authority for the bringing of an application for child support without a showing of an unanticipated change in circumstances. Such reliance is misplaced. In both *Sessa* and *Bajak* the applications were clearly based upon the *needs of the children,* and not

upon "the mother * * * asserting her own interest in having the father contribute more to the financial burden of raising the child" (see *Matter of Brescia v Fitts,* 56 NY2d 132, 139). Hence, Special Term was correct in its reliance of *Matter of Boden v Boden* (42 NY2d 210) and *Matter of Bender v Bender* (72 AD2d 745) in denying the motion. Mollen, P. J., Weinstein, Bracken and Rubin, JJ., concur.