OPINION OF THE COURT
Edward J. McLaughlin, J.
By attorney’s affidavit filed with the court on May 5, 1987, *838 petitioner objects, pursuant to section 439 of the Family Court Act, to an order dismissing a petition to modify an order of another court for failure to state a cause of action. Respondent sought dismissal of the petition "in that no allegation of an increased ability to pay or an ability to pay beyond the needs of the children at the time of the original order was set forth as to the Respondent.” The order of dismissal was filed and entered on April 8, 1987. No rebuttal was received from respondent within the eight days allowed by statute. (Family Ct Act § 439 [e].)
Petitioner through her attorney argues that since the ruling of the Court of Appeals in the case of Matter of Brescia v Fitts (56 NY2d 132 [1982]), the standard for modifying orders of child support has changed. In papers filed with the court the attorney lists the several factors which now constitute a change in circumstances: "Considering both the circumstances as they existed at the time of the prior award and at the time the application is made several factors may, in a proper case, enter into the determination, including the increased needs of the children due to special circumstances or to the additional activities of growing children [citation omitted], the increased costs of living insofar as it results in greater expenses for the children [citation omitted], a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent [citations omitted], and the current and prior lifestyles of the children. Consideration of such factors in a given case may lead to the determination that the children’s best interests require an upward modification of the child support award.” (Matter of Brescia v Fitts, supra, at 141.) The court is cited to numerous cases that have followed Brescia. (See, e.g., Stevenson v Stevenson, 98 AD2d 718 [2d Dept 1983]; Matter of La Blanc v La Blanc, 96 AD2d 670 [3d Dept 1983]; Morgan v Morgan, 95 AD2d 593 [1st Dept 1983]; Van Niel v Van Niel, 93 AD2d 986 [4th Dept 1983]; Gordon v Gordon, 91 AD2d 1012 [2d Dept 1983]; Pfleger v Westfall, 90 AD2d 978 [4th Dept 1982].)
The Family Court is authorized to entertain an application to modify a Supreme Court order of child support when the Supreme Couit has not retained jurisdiction "on the ground that changed circumstances require such modification”. (Family Ct Act § 461 [b] [ii].) Section 451 of the Family Court Act, however, states that "[u]pan an application to modify, set aside or vacate an order of support, no hearing shall be required unless such application shall be supported by affida *839 vit and other evidentiary material sufficient to establish a prima facie case for the relief requested.”
Here petitioner filed a verified petition with the court on November 13, 1986. She stated: "That since the entry of said decree there has been a change of circumstances in that respondent has failed to provide fair and reasonable support as stipulated in the Divorce Decree. Petitioner’s income has been reduced and her cost of living has increased.” She then listed her three children by name and birth date and requested that the decree be modified to provide $200 per month per child to be paid through the Support Collection Unit in addition to medical and dental insurance. A copy of the decree of divorce was attached to the petition. No additional affidavit or other evidentiary materials were filed.
While not artfully pleaded, petitioner clearly establishes by a sworn statement (Family Ct Act § 165; CPLR 3020), that the financial needs of the children have increased because her financial ability to meet those needs has declined. (Family Ct Act § 413.) As the custodial parent petitioner has full responsibility for meeting the needs of the children. She essentially has three avenues open to her as she seeks to support them— her own earning ability and financial resources; the other parent’s earning ability and financial resources, and public assistance. When, as here, the custodial parent’s own earning ability and financial resources have decreased, in order to carry out her duties as custodial parent she must seek additional financial assistance from the noncustodial parent. The custodial parent acts as an insurer of the children’s needs. When the custodial parent’s ability to provide for the children changes, that in and of itself is a change of circumstances and there is no need to establish that the noncustodial parent’s financial ability has also changed in order to set forth a prima facie case. The converse is not true. When the noncustodial parent seeks to lessen the amount of the child support obligation, the needs of the children must be considered as well as the financial ability of the noncustodial parent. There is no question here but that the statements in the petition give the court and the parties "notice of the * * * occurrences * * * intended to be proved and the material elements of each cause of action”. (CPLR 3013.) Any inadequacies in detail may be fully cured by a demand for disclosure (CPLR art 31; cf, Family Ct Act § 165), and by the required sworn financial statement. (Family Ct Act § 424-a.)
The custodial parent has a different obligation from that of *840 the noncustodial parent in that the noncustodial parent is only required to contribute to the support of the child to the extent of the noncustodial parent’s financial ability. The custodial parent must meet the needs of the child regardless of the custodial parent’s personal financial ability.
The public policy underlying child support proceedings is to provide court-ordered support for children whose parents are not adequately providing for them. The custodial parent has a duty to file a petition to seek support. Failure to provide support can result in criminal prosecution. (Penal Law § 260.05.) Here, it is the child’s right to receive adequate support that is being asserted. (Matter of Brescia v Fitts, 56 NY2d 132, 139 [1982], supra.) Once the custodial parent swears that there is insufficient money to support a child, that parent has established a prima facie case and cannot be denied access to the court.
The matter is remanded to the Hearing Examiner for a full hearing on the merits of the petition. (Family Ct Act § 439 [e] [i]-)