■ In the Matter of CONSTANCE M. MORGAN, Respondent, v MICHAEL K. WRIGHT, Appellant. [605 NYS2d 574] —White, J. Appeal from an order of the Family Court of Albany County (Breslin, J.), entered August 28, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of respondent's child support obligation.

In March 1987 the parties, who have two children, entered into a separation agreement that was subsequently incorporated but not merged into their divorce judgment entered June 4, 1987. The agreement provided, *inter alia,* that respondent would pay petitioner child support of $250 per month per child and would reimburse petitioner for the children's medical insurance premiums. In November 1990, petitioner filed a petition in Family Court seeking an increase in respondent's child support obligation. The petition alleged that there had been a substantial increase in respondent's financial condition and that the needs of the children had greatly increased. It further alleged that the current amount of support was insufficient to meet the needs of the children who will be attending college. The petition was subsequently supplemented with petitioner's sworn financial disclosure statement and copies of her 1990 tax returns.

At the commencement of the hearing on the petition, respondent moved to dismiss it on the ground that it failed to state a prima facie case. The Hearing Examiner denied the motion and proceeded with the hearing. The Hearing Examiner subsequently determined that there had been a change of circumstances and increased respondent's child support obligation to $1,000 per month for the one child who was residing

with petitioner. Family Court denied respondent's objections to the Hearing Examiner's determination. This appeal ensued.

Respondent's sole contention on this appeal is that a hearing in this matter should not have been held and the petition should have been dismissed due to petitioner's failure to comply with Family Court Act § 451. That statute reads in pertinent part that "no hearing shall be required [on a motion to modify an order of support] unless such application shall be supported by affidavit and other evidentiary material sufficient to establish a prima facie case for the relief requested".

Inasmuch as the question of whether to hold a hearing is a matter of procedure, we construe the phrase "no hearing shall be required" as being permissive rather than preemptory as respondent does (see, McKinney's Cons Laws of NY, Book 1, Statutes § 177). Thus, we conclude that it is within the court's discretion to determine whether to proceed with a hearing on an application to modify an order of support.

Given the fact that the allegations of the petition are to be liberally construed and were supplemented by petitioner's financial affidavit and tax returns, there was a sufficient evidentiary showing to justify a hearing in this matter (see, Matter of Stimpson v Wise, 197 AD2d 762; Matter of Dorn v Dorn, 135 Misc 2d 837, 838). We therefore find that the Hearing Examiner did not abuse his discretion in directing a hearing herein. Accordingly, we affirm Family Court's order.

Weiss, P. J., Crew III, Cardona and Casey, JJ., concur. Ordered that the order is affirmed, without costs.