■ In the Matter of BARRY KLEIN, Respondent, v KATHLEEN KLEIN, Appellant. [643 NYS2d 766] —Spain, J.

The parties were married in 1970 and have three children, Russell (born in 1973), Richard (born in 1975) and Kevin (born in 1985). The parties executed a separation agreement in August 1991 wherein they agreed, *inter alia*: "that child support shall be fixed in accordance with an order of the Sullivan County Family Court or other court of competent jurisdiction upon application of either party". The parties also agreed that respondent would have custody of Russell and Kevin and that petitioner would have custody of Richard. In October 1991 respondent filed a petition requesting support for Russell and Kevin. Upon consent of the parties the Hearing Examiner issued an order, dated March 5, 1992, wherein, *inter alia*, petitioner agreed to pay $150 a month to respondent for support of Kevin. The order also stated that it "takes into consideration the fact that [petitioner] has one child of the marriage the child Russell residing with him". Significantly, however, the parties' separation agreement stated that petitioner would have custody of Richard. In August 1994 petitioner filed the instant petition seeking support for Richard. After a hearing the Hearing Examiner directed respondent to pay the net sum of $339.23 per month to petitioner for the support of Richard; said amount was calculated with an allowance of an offset to respondent in the amount of $150 which represents child support paid to her by petitioner for the support of Kevin. Respondent filed specific written objections to the child support order arguing, *inter alia*, that petitioner was actually seeking a modification of a previous order and neither the petition nor petitioner's proof set forth a change of circumstances. Family Court, concluding, *inter alia*, that the instant petition was in the form of a de novo application, dismissed the objections and respondent appeals.

We reverse. Although it appears that Family Court's March 5, 1992 order inadvertently referred to Russell, rather than Richard, as the child residing with petitioner, we cannot confirm that fact from the record before us. We believe a resolution of that issue will be determinative in this case. If in fact Russell was incorrectly named in the order, rather than Richard, it is our view that respondent's contention that the instant petition is a request for a modification of the previous order is meritorious. However, if the 1992 order correctly named Russell, Family Court's determination that the instant

petition seeks support for Richard for the first time is correct and the objections were properly dismissed (see, Family Ct Act § 461 [a]; see also, Conrad v Lewis, 93 AD2d 974; Matter of Paul M. v Roberta M., 110 Misc 2d 1094). Respondent is entitled to a finding with respect to her contention that the 1992 order took petitioner's support of Richard into consideration.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.