◼ In the Matter of CHARLES W. MANNERS, JR., Appellant, v DIANE M. MANNERS, Respondent. [657 NYS2d 365] —Crew III, J. Appeal from an order of the Family Court of Montgomery County (Going, J.), entered November 16, 1995, which, *inter alia*, granted respondent's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of child support.

Petitioner and respondent were married in 1967 and have four children. In April 1991, the parties entered into an oral stipulation that was incorporated, but not merged, into the parties' June 1991 judgment of divorce. Insofar as is relevant to this appeal, the stipulation provided that petitioner would pay child support in the amount of $200 per week for the parties' three youngest children, with said amount to be reduced by $66.66 upon each child attaining majority or otherwise becoming emancipated. The stipulation further provided that respondent would pay one half of the eldest daughter's college tuition, and the parties agreed that should the remaining children wish to attend college, they would discuss the matter.

In December 1994, petitioner sought a reduction in child

support based upon his eldest son's then-impending 21st birthday and, shortly thereafter, respondent cross-petitioned for an upward modification of child support. At the conclusion of the hearing that followed, the Hearing Examiner, although granting petitioner the requested reduction, concluded that respondent had met her burden of proof on her cross petition and, accordingly, ordered that petitioner pay respondent support in the amount of $378 biweekly for the parties' two youngest children. Family Court denied petitioner's subsequent objections to the Hearing Examiner's decision, and this appeal by petitioner followed.

The arguments raised by petitioner on appeal do not warrant extended discussion. Initially, we reject petitioner's claim that the Hearing Examiner erred in conducting a hearing in this matter. The decision whether to proceed with a hearing on an application to modify an order of support is a matter committed to the Hearing Examiner's discretion (*see, Matter of Morgan v Wright,* 199 AD2d 931, 932), and although respondent's cross petition and affidavits could have been drafted with greater specificity, we are of the view that there was a sufficient evidentiary showing to warrant a hearing (*see, id.,* at 932).

Turning to the merits, it is well settled that where, as here, a party seeks to modify the provisions of a separation agreement or stipulation that was incorporated but not merged into a judgment of divorce, he or she bears the burden of establishing that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant increased need, or that the needs of the children are not adequately being met (*see, Matter of Cook v Bornhorst,* 230 AD2d 934; *Matter of Strack v Strack,* 225 AD2d 872). As the findings made by Family Court regarding the unanticipated and unreasonable change in circumstances that occurred here are supported by the record as a whole, we cannot say that Family Court erred in granting respondent's cross petition for an upward modification of support. Petitioner's remaining contentions have been examined and are either academic or lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.