■ In the Matter of BENJAMIN BROOKS, Appellant, v NATASHA PIERRE, Respondent. [830 NYS2d 666]—In a proceeding pursuant to Family Court Act article 4, inter alia, in effect, for downward modification of an order of child support, the father appeals, as limited by his brief, from (1) so much of an order of the Family Court, Suffolk County (Grier, S.M.), dated July 26, 2005, as, in effect, denied that branch of his petition which was to vacate an order of support of the same court (Lynaugh, H. E.) dated July 7, 1995, and (2) so much of an order of the same court (Simeone, J.), dated November 21, 2005, as denied his objection to that part of the order dated July 26, 2005, which, in effect, denied that branch of his petition which was to vacate the order of support dated July 7, 1995.

Ordered that the appeal from the order dated July 26, 2005 is dismissed, without costs or disbursements, as that order was superseded by the order dated November 21, 2005; and it is further,

Ordered that the order dated November 21, 2005 is affirmed insofar as appealed from, without costs or disbursements.

The Family Court correctly determined that the father's contention that the original child support order dated July 7, 1995 was not set pursuant to the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]), was not properly raised in his petition, brought in 2005, inter alia, in effect, for a downward modification of child support (*see* Family Ct Act § 451; *Matter of Dox v Tynon*, 90 NY2d 166 [1997]). Pursuant to Family Court Act § 451, although the Family Court may modify, set aside, or vacate any order issued in the course of a support proceeding pursuant to Family Court Act article 4, "the modification, set aside or vacatur shall not reduce or annul child support arrears accrued prior to the making of an application pursuant to this section." Additionally, we note that no appeal was ever taken by the father from the original order fixing child support. Prudenti, P.J., Mastro, Santucci and Dillon, JJ., concur.