■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of CHARLES SPINALE, JR., Respondent, v CHARLES SPINALE, SR., Appellant. [870 NYS2d 70]—

Charles Spinale, Sr. (hereinafter the father), and Terre Reidy (the mother) were married for six years and had two children. After their divorce in 1978, both children initially lived with the mother. The father was ordered to pay support for both children. In 1991, the parties' daughter went to live with the father, and the mother was ordered to pay support for the daughter. Pursuant to the order of support, the mother was to receive credit for the payments she was ordered to make for the daughter's support, which were to be applied towards the support arrears owed to her by the father. Two money judgments were subsequently entered against the father for support arrears.

In June 2007 the father filed an order to show cause and petition to vacate the money judgments, or in the alternative, for an order stating that the two money judgments had been satisfied by the payments made by the mother to the Child Support Collection Unit (hereinafter the CSCU). In an order dated November 28, 2007, the Family Court dismissed the petition on the ground that accounting hearings are not set forth in the Family Court Act as part of its statutory jurisdiction. The Family Court directed the CSCU to provide the parties with audits of their accounts, but did not direct the CSCU to do so by a date certain. The father filed objections to that order, and the Family Court denied the objections on the ground that it lacked the authority to make a decision that affected the internal accounting practices of the CSCU and to compel the CSCU to issue satisfactions of the money judgments.

The father's contention that he was entitled to a hearing on his petition is correct. Although the Family Court is a court of limited jurisdiction and is possessed only of those powers specifically enumerated in the state constitution and by statute (*see Matter of James A.*, 50 AD3d 787 [2008]), it does have jurisdic-

tion to determine applications to modify or enforce judgments and orders of support (*see* NY Const, art VI, § 13; Family Ct Act § 454). Support magistrates are empowered to hear, determine, and grant any relief within the powers of the Family Court in support proceedings (*see* Family Ct Act § 439). Furthermore, pursuant to Family Court Act § 451, the Family Court may modify, set aside, or vacate any order issued in the course of a support proceeding, although it may not reduce or annul child support arrears accrued prior to the making of an application for a downward modification of the support obligation (*see Matter of Dox v Tynon*, 90 NY2d 166, 172 [1997]; *Matter of Brooks v Pierre*, 38 AD3d 656 [2007]; *Dembitzer v Rindenow*, 35 AD3d 791 [2006]).

Here, the father is not seeking to reduce or annul the arrears due. Rather, he is seeking credit for child support payments due to him from the mother, which were to be applied towards the arrears and in satisfaction, in whole or in part, of the money judgments. It is not apparent from the record whether the mother's support obligation was applied to the arrears owed to her by the father and whether the father's arrears were recalculated accordingly.

It is within the court's discretion to determine whether to proceed with a hearing on a motion to modify, set aside, or vacate an order of support (*see Matter of Manners v Manners*, 238 AD2d 815 [1997]; *Matter of Morgan v Wright*, 199 AD2d 931 [1993]). Here, the Family Court improvidently exercised its discretion in denying the petition without a hearing to determine whether the credits were properly applied, the exact amount of such credits, and whether those credits are sufficient to account for the father's arrears, in whole or in part. Furthermore, the court should have set a date certain for the audits of the parties' accounts. Skelos, J.P., Ritter, Carni and Dickerson, JJ., concur.