In the Matter of DOROTHY SILVESTRIS, Respondent, *v.* FRANK SILVESTRIS, Appellant.

First Department, December 16, 1965.

*David N. Goldman* for appellant.

*Bernard Burstein* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for respondent.

VALENTE, J. This is an appeal from an order of the Family Court, Bronx County, directing appellant to pay $30 per week for the support of his 11-year-old daughter.

The proceeding was commenced in the Family Court, Greene County, where the petitioner and the daughter resided. Appellant, the father of the child, resided in Bronx County. The matter was transferred to the Family Court, Bronx County, pursuant to the provisions of the Uniform Support of Dependents Law (Domestic Relations Law, art. 3-A). Subdivision 1 of section 35 of the Domestic Relations Law provides that a support proceeding under the Uniform Act may be maintained where petitioner and respondent are residents of different counties in the same State. However, under subdivision 2 of section 37, if the court can acquire jurisdiction of the person of respondent under the existing laws of the State in which both parties reside '' such laws shall govern and control the procedure to be followed in such proceeding.'' Since the Family Court may send process in any matter in which it has jurisdiction into any county of this State (Family Ct. Act, § 154), the Family Court Act would govern and control the procedure to be followed in this proceeding. (See, also, Family Ct. Act, §§ 174, 411.) Consequently, the validity of the order appealed from must be considered in relation to the procedural requirements of the Family Court Act.

Section 433 of the Family Court Act provides that upon the return of the summons in a support proceeding, the court shall proceed to hear and determine the cause and that the respondent '' shall be informed of the contents of the petition, advised of his right to counsel, and shall be given opportunity to be heard and to present witnesses ''. Unquestionably, appellant was informed of the contents of the petition. In fact, he admitted he was served with a copy of the petition.

So, too, it appears that at the commencement of the hearing, the Family Court Judge inquired if appellant was prepared to proceed or if he wanted '' time to get a lawyer ''. Appellant elected to proceed *pro se*. The right to be advised of a right to counsel does not deprive a person of his right to elect to proceed

without counsel. (See *Adams* v. *United States ex rel. McCann,* 317 U. S. 269, 279.) Hence, there was in the instant proceeding a knowledgeable waiver of the right to counsel and an election by appellant to conduct his case *pro se.* To draw an analogy with criminal prosecutions, there was an unqualified right of appellant to act as his own lawyer. (See *United States* v. *Denno,* 348 F. 2d 12, 15 [C. A. 2d 1965].)

It was only toward the conclusion of the hearing that appellant sought a postponement until he could obtain a lawyer. Having made an intelligent election at the commencement of the hearing to decline the aid of counsel, appellant could not, as a matter of right, thereafter interrupt and delay the hearing at a much later stage to demand legal assistance. (*People* v. *Guber,* 201 Misc. 852, affd. 1 A D 2d 876; *Matter of Connor,* 16 Cal. 2d 701, 709, cert. den. *Connor* v. *California,* 313 U. S. 542.) The right to counsel must be exercised in conformity with orderly procedure. When the right is asserted after proceedings have been begun, following an election to go to trial without counsel, it rests within the discretion of the Trial Judge to determine whether to grant such request. As stated in *United States* v. *Denno* (*supra,* p. 15, which involved the right of a defendant to discharge his lawyer after a trial had begun and to represent himself): "There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance."

Hence, we find no error in the tacit refusal of the Family Court Judge to adjourn the hearing to permit appellant to obtain counsel at the stage of the trial at which the request was made. Although we reverse on another ground, we nevertheless have discussed this aspect of the case as a guide for procedure in the Family Court in similar circumstances.

As already noted, section 433 of the Family Court Act requires that a respondent "shall be given opportunity to be heard and to present witnesses ". This court in *Matter of Schwartz* v. *Schwartz* (23 A D 2d 204, 206) pointed out that as a correlative to the increased power and jurisdiction of the Family Court, " procedures should, as consistently as possible, conform to the spirit of the CPLR without necessarily importing into Family Court proceedings punctiliousness or the complexities and technical requirements of the CPLR ". It was also said in that case (p. 207): " A hearing need not follow any particular form, but any meaningful hearing must, at least, consist of an adducement of proof coupled with an opportunity to rebut it."

We have concluded that while the hearing Judge undertook to give appellant a hearing, the omission to advise appellant, who' was appearing *pro se*, of his right to cross-examine and to produce witnesses deprived him of an adequate hearing. Thus, there was no opportunity offered appellant to rebut the averments of petitioner. On the record before this court, it appears that appellant was not accorded his statutory right, granted by section 433, of an " opportunity to be heard and to present witnesses ". (See *City of New York [Sullivan]* v. *Sullivan,* 246 App. Div. 55.)

Section 413 of the Family Court Act dealing with a father's duty to support his child provides that the father may be required to pay for the support of the child " a fair and reasonable sum according to his means, as the court may determine ". The measure of the extent of that obligation is " the child's needs in relation to the father's ability to provide and his station in life ". (*Schacht* v. *Schacht,* 187 Misc. 461, 464.) There should be proof by the petitioner, in the first instance, of the child's requirements. (*Libby* v. *Arnold,* 161 N. Y. S. 2d 798, 801.) The record before us does not indicate any proof of the child's requirements. The support order was predicated largely upon the demand of petitioner and appellant's weekly salary. There was no proof of appellant's expenses and obligations. Upon the new hearing, which is being directed herein, the father should be given the opportunity to introduce some proof as to his assets, earnings and his reasonable expenses and obligations and, if such proof is adduced, it should enter into the court's deliberation before the court reaches a conclusion as to a fair and reasonable amount for the support of the child.

The petition initiating the proceeding sought support at the rate of $20 weekly. A question is raised as to the power of the Family Court to grant a sum in excess of that amount. There is no requirement that a petition state the amount sought for support. Section 165 of the Family Court Act provides that where that act does not provide for procedure, the provisions of the CPLR shall apply " to the extent that they are appropriate to the proceeding involved ". Under CPLR 3017 a complaint in an action must contain a demand for relief. Such demand for relief need not demand a definite sum of money. (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3017.01.) CPLR 3017 (subd. [a]) gives the court power to grant any relief within its jurisdiction appropriate to the proof whether or not demanded. The only exception is that upon a default the judgment may not exceed in amount or differ in type from that demanded in a complaint (CPLR 3215, subd. [b]). Conse-

quently, irrespective of the amount demanded in the petition, the Family Court had power, after the hearing, in determining the amount of support pursuant to section 413 of the Family Court Act, to grant an amount appropriate to the proof. Hence, the amount demanded in a support petition, unless there is a default, will not affect the power of the court to grant a greater sum should the proof at a hearing warrant it.

We find no error in the court's refusal to make any provision for visitation rights for the father. Section 447 of the Family Court Act gives the Family Court power to make an order of visitation in the absence of any Supreme Court order of custody or visitation. The section is not mandatory. Under the circumstances of this case, it was a proper exercise of discretion to refrain from making such an order and to relegate appellant to other relief in the county where the child resides.

Finally, there was no improvident exercise of discretion in requiring appellant to give an undertaking in the amount of $1,000, that appellant would abide by the order for support. (Family Ct. Act, § 471.)

Since we are remanding this matter to the Family Court, we shall continue the order for the payment of $30 per week as a temporary order of support pursuant to section 434 of the Family Court Act, and shall continue the requirement of an undertaking of $1,000 to abide by such temporary order of support.

The order of the Family Court should be reversed, on the law and on the facts, without costs, and the matter remitted to the Family Court, Bronx County, for further proceedings in accordance with this opinion. Settle order.

BREITEL, J. P., RABIN, EAGER and STEUER, JJ., concur.

Order, entered on November 18, 1964, unanimously reversed, on the law and on the facts, without costs, and the matter remitted to the Family Court, Bronx County, for further proceedings in accordance with the opinion of VALENTE, J., herein. Settle order on notice.