Raymond E. Aldrich, Jr., J.
Petitioner seeks to modify the provisions of a divorce decree obtained by her in Mexico on September 23, 1964 so as to increase respondent’s support obligation from $30 per week for each of three children to $100 per week for each child.
The petition alleges that the decree contained a recital which approved, ratified and confirmed a separation agreement executed by the parties on September 14,1964, which was then incorporated in the decree, the agreement, however, not being merged but surviving the decree and made binding on the parties.
The modification plea is grounded upon a change of circumstances in that “ (A) the needs of the children have increased due to a general increase in costs and expenses; and (B) the income of respondent, the father of said children, has increased.”
"Upon the return day of the summons respondent entered a general denial. Subsequently, petitioner’s attorney served a notice for the examination before trial of respondent and for a discovery and inspection of certain records and memoranda, which demands were not honored. Thereupon petitioner obtained an order to show cause directing respondent to show cause why he should not submit to an oral examination and produce his income tax returns for 1964-1968, brokerage statements from September 1964 to date, bank statements and checks for the same period, closing papers and memoranda relating to the purchase of his home in 1967, as well as any books, records and other writings relating in any way to the petition.
This proceeding has not progressed as yet to a hearing. Respondent has controverted the allegations of the petition by his oral response.
At this juncture of the proceeding, prior to taking any testimony, the question is presented whether such pretrial procedure in the way of oral examination and discovery and inspection is sanctioned and permissible in this type of proceeding in advance of the hearing.
The issue here involved is a matter of first impression, as research of the law by this court has failed to reveal a similar case in the Family Courts of the Second Department where such an examination and discovery and inspection have been ordered, although Matter of Kirsch v. Kirsch (53 Misc 2d 938) may seem to indicate so upon a casual reading. In that instance, although an examination before trial was ordered, at the hearing conducted before the court, evidence had been given as to financial condition and attempting to establish that the husband’s salary was his sole source of income, while the wife claimed that he also
had, a substantial beneficial ownership interest in the very cor-1 *800 poration which employed him. It was this issue which prompted the granting of the examination. That case is clearly distinguishable from the instant one and the question presented here, for no hearing has been held as yet from which this court can conclude that similar special circumstances have arisen which require an inquiry into the matters sought to be elicited by the examination in advance of the hearing.
Neither can Matter of Rann v. Rann (54 Misc 2d 704, 707 [Sup. Ct., Bronx County, 1st Dept., 1967]) be persuasive, for in that instance the husband’s testimony at the modification hearing “ seemingly lacked complete candor and bona fides ” and special circumstances were illustrated by the husband’s improved standard of living, while his children received public assistance.
In the same manner, neither can those cases advanced by petitioner’s counsel involving preliminary procedures in separation and divorce actions before judgment be considered authority to dispose of this question, for here a decree has been entered by a court of competent jurisdiction and is now sought to be modified upon a purported change of circumstances, none of which have been established by the taking of any testimony under oath, and the only support for the motion is the affidavit made by the wife’s attorney.
Respondent advances Matter of Schwartz v. Schwartz (23 A D 2d 204 [1st Dept., 1965]) as dispositive of the instant question. That case also involved a modification of a Mexican decree providing for the support of two children which incorporated a previously executed separation agreement. The petition was based upon the same change of circumstances as alleged in the instant petition. Upon the return day the wife’s attorney orally requested an audit of the husband’s books and records, which was allowed and then disapproved upon reversal by the Appellate Division. While this appellate decision is not necessarily controlling upon this court, in the absence of an expression to the contrary by the appellate court to which this court is answerable on appeal, it is most influential and persuasive of the resolution of the question now presented.
One can search without avail to find an express authoriaztion in the Family Court Act for an examination before trial and discovery and inspection, since none exists. However, allusion to such is made in section 165 of the Family Court Act which provides that where the method of procedure is not prescribed, the procedure shall be in accord with the provisions of the CPLR “ to the extent that they are appropriate to the proceedings involved ”. Such restriction is circumscribed by section 433 which clearly provides that upon the return of the summons *801 the court shall proceed to hear and determine the case. This means a meaningful hearing, where testimony is taken, and the opportunity given to cross-examine, and does not envisage merely colloquy between the court and counsel, or the substitution for a true hearing of a motion made upon an affidavit of ■the attorney. Furthermore, section 435 grants authority to the court to adjourn the hearing at any time to enable it to make inquiry into the financial abilities and responsibilities of the husband and for other proper cause, and this court believes that if such circumstances are developed during such hearing, which in the sound discretion of the court would require an adjournment and inquiry, that at that moment the procedures of examination before trial and discovery and inspection might become appropriate. In other words, as was held in Matter of Schwartz v. Schwartz (supra, pp. 207-208), this court believes: “ In the instant proceeding, predicated on section 461 (subd. [b], par. [ii]), it was incumbent on petitioner to make a prima facie demonstration at the hearing of the changed circumstances of the children before the father’s finances became material. * * * Only after a court has been presented with such a prima facie showing could there be a knowledgeable determination that special circumstances warranted a disclosure and the extent of the disclosure necessary. * # * In proceedings in the Family Court, which are similar to matrimonial actions, there must be a preliminary showing of special circumstances before disclosure will be ordered. ’ ’ Until there was such proof, the granting of an oral examination and inspection and discovery in this modification proceeding would be an improvident exercise of discretion.
The allegation of the petition of a change of circumstances due to the “ general increase in costs and expenses ” is a bare allegation without evidentiary support and not the type of proof sufficient to make a prima facie case for disclosure. To hold otherwise would subject every respondent to the possible oppressive harassment and unnecessary expense of a full examination before trial as to his income and financial condition, even though it developed later on the hearing that in fact there had been no substantial change of circumstances in the needs of the children so as to justify a modification. As this court understands the law, the father must contribute to his children only in an amount sufficient to provide for their needs, and if he does so, he has met his lawful obligations.
Since no hearing has been held to indicate the increased needs of the children and no special circumstances shown as yet to permit the relief sought, the motion is denied.