In the Matter of ESTELLE D. HANDEL, Appellant, v. BERNARD HANDEL, Respondent.— In this proceeding to modify respondent's support obligations in a separation agreement which was incorporated into a Mexican divorce decree, the appeal (by permission of this court) is from an order of the Family Court, Dutchess County, dated January 24, 1969, which denied petitioner's motion to examine respondent before trial. Order reversed, on the law and the facts, without costs, and motion granted. The examination shall proceed at the place specified in the order to show cause of the Family Court dated December 18, 1968 at a time to be fixed in a written notice of at least 10 days, to be given by petitioner, or at such other time and place as the parties may agree. The petition alleges that both the needs of the children and the income of the respondent father have increased since the separation agreement was entered into on September 14, 1964. Petitioner's motion for pretrial

examination was denied primarily upon the ground that evidence of the children's increased needs must first be shown at a hearing before disclosure of the father's financial condition will be granted. The law is clear that a substantial increase in the financial condition of a father is an independent ground sufficient to support an increase in support for his children (Family Ct. Act, § 413; *Matter of Goldberg* v. *Berger,* 31 A D 2d 637; *Matter of Swerdloff* v. *Weintraub,* 26 A D 2d 826). Since substantial increase of the means of the father may be the sole justification for increasing the children's support, it was an abuse of the lower court's discretion to condition examination of the father's resources upon a preliminary showing that the children's needs have increased. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur. [58 Misc 2d 798.]