■ LEONARD EISEN, Appellant-Respondent, v SELMA EISEN, Respondent-Appellant.—In a matrimonial action predicated upon a written separation agreement (Domestic Relations Law, § 170, subd [6]), in which the plaintiff husband was granted a divorce, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, dated March 29, 1974, after a nonjury trial, as amended by an order of the same court, dated May 2, 1974,

as follows: (1) plaintiff, from so much of the judgment, as amended, as (a) increased the alimony and child support he is required to pay to an amount in excess of that set forth in the separation agreement, (b) directed him to pay extraordinary medical and dental expenses incurred by his wife and children and (c) awarded defendant's attorneys a counsel fee, etc., in the amount of $4,000 and (2) defendant, as limited by her notice of appeal and brief, from so much of the judgment, as amended, as (a) granted the divorce and (b) fixed February 7, 1974 as the effective date of increased alimony and support payments. Order modified, on the law, by deleting from its decretal paragraph (1) the first two sentences thereof and (2) the words "the defendant and" from the third sentence. Judgment modified, on the law and the facts, by (1) deleting from the third decretal paragraph thereof the amounts "$100.00" and "$200.00" and substituting therefor, respectively, the amounts "$50" and "$150", (2) deleting from the said decretal paragraph the words "defendant and" and (3) reducing the award of counsel fees and expenses from $4,000 to $2,600. As so modified, judgment and order affirmed insofar as appealed from, without costs. There was no challenge to the validity or sufficiency of the parties' separation agreement by defendant; nor was there a finding by the trial court to the effect that the agreement was invalid or that the agreed alimony was patently insufficient. Further, defendant neither asserted nor proved that she was in dire circumstances or that she was likely to become a public charge if the amount of alimony she had agreed to accept were not increased. Similarly, the trial court made no finding to that effect. The sole basis for the increase in alimony was the fact that in the 12 years since the parties agreed to separate and executed the separation agreement, plaintiff's annual income increased from $10,000 to about $40,000. Such increase, in and of itself, is no reason to increase the amount of support which the wife agreed to accept at the time of separation (McMains v McMains, 15 NY2d 283; Gardner v Gardner, 40 AD2d 153, affd 33 NY2d 899; Riemer v Riemer, 31 AD2d 482, affd 31 NY2d 881). Similarly, plaintiff had not obligated himself in the separation agreement to pay for any of defendant's personal medical or dental expenses. The award made by the trial court in this respect bears no relationship to the demands made by defendant at trial or to the proof offered by her. Accordingly, the imposition upon plaintiff of the obligation to pay defendant's medical and dental expenses constituted an improvident exercise of discretion. We find, as did the trial court, that plaintiff has generously cared for his family, in excess of his obligations under the separation agreement and that he has substantially complied with the terms of said agreement within the meaning of subdivision (6) of section 170 of the Domestic Relations Law. We make no alteration in the increased award of child support granted by the trial court because, unlike defendant who has freely bargained for her separation and support, the children were not parties to the agreement and thus are not bound by the terms of the agreement to the same extent as are the parties thereto. Further, unlike a divorced wife, children are entitled to share in their father's increased financial situation. The substantial increase in his salary is sufficient reason, in and of itself, to warrant the increase of child support (Matter of Handel v Handel, 32 AD2d 946, affd 26 NY2d 853). In addition, it is our view that the $4,000 counsel fee award was excessive in view of the parties' relative circumstances, the amount already paid by defendant to her attorney, the services performed by him and his agreement to reimburse defendant to the extent of $500. The additional sum of $2,600

will adequately compensate defendant's counsel and plaintiff is able to pay such increased fee. Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.