■ In the Matter of RITA BEST, Respondent, v ROBERT BARAS, Appel-

lant.—Order entered October 2, 1975, in the Family Court, New York County, which granted petitioner-respondent's (respondent) motion for an examination before trial of respondent-appellant (appellant) and which denied appellant's motion for a protective order, unanimously reversed, on the law and in the exercise of discretion, and appellant's motion for a protective order is granted, without costs and without disbursements. On June 10, 1966, the parties entered into a separation agreement which was later incorporated by reference into a bilateral Mexican divorce decree obtained by respondent on June 29, 1966. By the terms of the agreement, appellant undertook to pay the sum of $96.16 per week plus all camp expenses, Major Medical, Blue Cross and Blue Shield, dental and life insurance premiums for the support of each of the couple's three children until they reached their majority. Only one child, their 14-year-old daughter, Lisa, has not attained her majority. Appellant asserts without contradiction that he is paying at least $170.70 for her support and expenses aside from any other voluntary payments. Under the agreement that amount is to increase when Lisa goes to college. By petition dated July 2, 1975, respondent sought an upward modification of support for Lisa on the sole stated ground that there has been a tremendous increase in appellant's wealth. Respondent also requested an order to take appellant's deposition, to require that appellant produce his individual income tax returns for the years 1965 through 1974, and, to require production of personal corporate books and the 1973 and 1974 corporate tax returns for a corporation in which appellant is alleged to have an interest. Respondent also served a notice to take appellant's oral deposition and for production of appellant's tax returns. Appellant thereupon moved to vacate respondent's notice and sought a protective order. The motion was denied and appellant was directed to produce his personal and corporate tax returns from 1972 through 1975. This court, by order dated November 25, 1975, granted leave to appeal and stayed the examination pending the hearing and determination of this appeal. There is no claim or showing by respondent of "special circumstances" or that Lisa's needs are greater than now provided for, or that appellant's support payments for Lisa are inadequate. Respondent contends that such a showing or even such an allegation is unnecessary and urges that the increased means of the father is an independent justification (see Family Ct Act, § 413). She further argues that, if "special circumstances" were not found that she could commence a new proceeding for increased child support and that, pursuant to section 250 of the Domestic Relations Law (L 1975, ch 690, § 1; as amd by L 1975, ch 691, § 1, eff Sept. 1, 1975) there would be compulsory financial disclosure. While section 413 of the Family Court Act states that a father is chargeable with the support of his child under the age of 21, and, if possessed of sufficient means, may be required to pay a fair and reasonable sum according to his means, there is no showing that appellant is not now paying a fair and reasonable sum for Lisa's support. We have always considered the father's obligation as measured by his means as well as the needs of the child (see *Silvestris v Silvestris,* 24 AD2d 247, 250). While the Appellate Division in *Matter of Handel v Handel* (32 AD 946, affd 26 NY2d 853) considered a substantial increase in the father's means to be an independent ground sufficient to support an award of increased support for the children, the Court of Appeals affirmed solely "on the ground that respondent-appellant failed to move for a protective order under CPLR 3122 or to show cause why his failure to so move was excusable [citations omitted], and neither the Appellate Division nor the Family Court exercised discretion to excuse compliance

with CPLR 3122, a discretion which either court undoubtedly had" (p 855). In the instant case, appellant has moved for a protective order so that the procedural deficiency, referred to in *Matter of Handel (supra),* is absent herein. It is our view that the means test, standing alone, is not a sufficient basis to support the application for an upward modification of support as here sought (cf. *Edelstein v Edelstein,* 28 AD2d 979). It was an improvident exercise of discretion for the court to have ordered disclosure of the father's finances *(Matter of Schwartz v Schwartz,* 23 AD2d 204). Concur—Stevens, P. J., Markewich, Kupferman, Birns and Capozzoli, JJ.