■ In the Matter of RUTH FENSTERHEIM, Respondent, v HERBERT FENSTERHEIM, Appellant.—Order of the Family Court, New York County, entered in the office of the clerk on November 21, 1975, insofar as that order increased support for child of petitioner and respondent, and directing that respondent pay $700 a month as and for that support, unanimously reversed, on the law and the facts, without costs and without disbursements, and to that extent the application is remanded for a hearing *de novo.* There is power to modify the support provisions of a divorce decree if there is

proof that there has been a subsequent change of circumstances and that modification is required (Family Ct Act, § 466, subd [c]; § 461, subd [b]; see *Swartz v Swartz,* 43 AD2d 1012; *Gutillo v Gutillo,* 30 AD2d 484). Two conditions must be established to justify an upward revision of child support: (1) evidence of an increase in the child's needs, and (2) an increase in the father's income. In this department, proof of an increase in the father's income, standing alone, does not constitute a "change of circumstances" sufficient to justify upward modification of child support. Evidence of the child's needs must be shown in the first instance as a requisite to modification. *(Matter of Best v Baras,* 52 AD2d 557; *Matter of Kennedy v De Los Reyes,* 26 AD2d 815; *Matter of Silvestris v Silvestris,* 24 AD2d 247; *Matter of Schwartz v Schwartz,* 23 AD2d 204.) In the hearing below, no competent evidence was adduced as to the financial needs of the child. Absent clear proof of the child's reasonable requirements, it was impermissible to make a finding that there was a change of circumstances requiring upward modification. In addition, petitioner's testimony intertwined her financial needs with that of the child in such fashion as to defeat separation of the child's needs for appellate review. Concur—Markewich, J. P., Murphy, Birns, Silverman and Capozzoli, JJ.