■ BRIAN EDWARDS, Appellant, v PATRICIA EDWARDS, Respondent.—In

---

* We note that plaintiffs may bring an action in equity to reform the deeds given to

an action for divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law, the plaintiff appeals from (1) so much of a judgment of the Supreme Court, Queens County, dated August 2, 1976, as, after a nonjury trial, (a) increased the amount of child support payments from $50 per week, per child, to $80 per week, per child, and (b) awarded defendant's attorney a fee for his representation of the children and (2) an order of the same court, dated January 14, 1977, which, upon granting defendant's motion to resettle the judgment, directed that payment of the increased child support be retroactive to June 7, 1976. Judgment modified, on the facts, by (1) deleting from the second decretal paragraph thereof the amounts "thirty dollars ($30.00)" and "eighty dollars ($80.00)" and substituting therefor the amounts "twenty dollars ($20.00)" and "seventy dollars ($70.00)", respectively, and (2) reducing the counsel fee from $1,000 to $500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Order reversed, on the law, without costs or disbursements, motion denied, and the increased support payments are to be paid as of August 2, 1976. A substantial increase in the salary of the father is sufficient reason, in and of itself, to warrant an increase in child support payments (see *Eisen v Eisen,* 48 AD2d 652; *Matter of Handel v Handel,* 32 AD2d 946, affd 26 NY2d 853). However, we find the increase to be closer to $5,000 per annum than the $6,500 amount relied upon by Special Term. The child support award is therefore reduced accordingly. Further, it is our view that the $1,000 counsel fee was excessive in view of the services performed by defendant's counsel on behalf of the children. The defendant's answer and counterclaim did not request additional support for the children. There was no proof of additional need submitted by counsel at the trial. It further appears, from counsel's affidavit, that his services were performed almost exclusively on behalf of the defendant. Finally, the trial court improperly granted the motion to resettle its judgment of August 2, 1976, so as to provide for payment of the increased child support retroactive to June 7, 1976. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.