## (April 17, 1978)

■ BRIAN EDWARDS, Appellant, v PATRICIA EDWARDS, Respondent.—On the court's own motion, its decision and order, both dated April 3, 1978, are vacated and recalled, and the following substituted decision is rendered: In an action for divorce pursuant to subdivision (6) of section 170 of the Domestic Relations Law, the plaintiff appeals from (1) so much of a judgment of the Supreme Court, Queens County, dated August 2, 1976, as, after a nonjury trial, (a) increased the amount of child support payments from $50 per week, per child, to $80 per week, per child, and (b) awarded defendant's attorney a fee for his representation of the children and (2) an order of the same court, dated January 14, 1977, which, upon granting defendant's motion to resettle the judgment, directed that payment of the increased child support be retroactive to June 7, 1976. Judgment modified, on the law, by (1) deleting the second decretal paragraph thereof and (2) reducing the counsel fee from $1,000 to $500. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and action remanded to Special Term for a hearing to determine the needs of the children and the entry of an appropriate amended judgment. Appeal from the order dismissed as academic, without costs or disbursements, in the light of our determination on the appeal from the judgment. The parties

to this action submitted their appeal in agreement that the cases of *Eisen v Eisen* (48 AD2d 652) and *Matter of Handel v Handel* (32 AD2d 946, affd 26 NY2d 853) were dispositive. However, the Court of Appeals, in *Matter of Boden v Boden* (42 NY2d 210), cited with approval the contrary authority announced in *Matter of Best v Baras* (52 AD2d 557), to wit, that an increase in the means of the father, standing alone, is not a sufficient basis to support an upward modification of child support. While parties are free "to a large extent [to] chart their own *procedural* course through the courts" *(Stevenson v News Syndicate Co.,* 302 NY 81, 87 [emphasis supplied]; *Cullen v Naples,* 31 NY2d 818; *Reilly v Insurance Co. of North Amer.,* 32 AD2d 918), the same cannot be said for matters of substance. Further, it is our view that the $1,000 counsel fee was excessive in view of the services performed by defendant's counsel on behalf of the children. The defendant's answer and counterclaim did not request additional support for the children. There was no proof of additional need submitted by counsel at the trial. It further appears, from counsel's affidavit, that his services were performed almost exclusively on behalf of the defendant. Finally, should the trial court increase the child support payments, the increase should be effective as of the date of that court's order. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.