■ CHRISTINE MATWIJOW, Respondent, v WILLIAM HAY, Appellant.— Order unanimously reversed, without costs, and matter remitted to Erie County Family Court for further proceedings in accordance with the following memorandum: Appellant appeals from an order entered in Erie County Family Court modifying the child support provision in a divorce decree and providing that when appellant is employed he shall pay $30 per week for support of each of two children, and when he is unemployed he shall pay $15 per week for each child. The divorce decree had required appellant to pay $15 per week for each child. There was no proof regarding the needs of the children at the time of the divorce or at the time of respondent's petition to modify. At the time of the hearing appellant was not working and was receiving workmen's compensation. No evidence was adduced showing appellant's income at the time of the divorce, his income at the time of the hearing, his prospects for obtaining employment, or his potential earning capacity. Nor does respondent assert that the original record on which the divorce was based was before the court. An order increasing child support payments must be made upon a finding by the court that, subsequent to the divorce, circumstances have changed with respect to the father's means and the children's needs. (Family Ct Act, § 461, subd [b]; § 466, subd [c]; *Matter of Gould v Hannan,* 57 AD2d 517; *Matter of Fensterheim v Fensterheim,* 55 AD2d 516; *Matter of Best v Baras,* 52 AD2d 557; *Matter of Silvestris v Silvestris,* 24 AD2d 247.) There is no evidence in the record here on which the court could make such a finding. The fact that the children are older and prices have been inflated is insufficient to warrant a modification. *(Riposo v Riposo,* 60 AD2d 790; *Matter of Gould v Hannan, supra.)* (Appeal from order of Erie Family Court—child support.) Present— Moule, J. P., Dillon, Hancock, Jr., Denman and Witmer, JJ.