OPINION OF THE COURT
Allan Dixon, J.
This matter comes before the court on a petition for modification of support order filed by the petitioner in this proceeding, Joyce A. Barylski. The respondent is Michael K. Barylski, the former husband of the petitioner. The current order of support entered by this court on June 8, 1978 provides, in essence, that the respondent shall pay the sum of $30 per week for the care, support and maintenance of Shane Michael Barylski, the child of the parties. That order further provides that the respondent shall pay the additional sum of $5 per week on accumulated arrears until such arrears are paid in *785 full. The basic order of $30 per week was entered in accordance with the amount specified in the separation agreement executed by the parties on January 2, 1975, which said agreement was incorporated in the decree of divorce between the parties dated July 28, 1976.
In relevant part, Ms. Barylski’s petition to modify, dated June 3, 1979, alleged that a change of circumstances had occurred since the entry of the above order in that the respondent had completed his college education and was now employed on a full-time basis. The petition further alluded to paragraph "5” of the separation agreement wherein it states concerning the $30 per week provision with respect to child support as follows: "This provision for support shall be reopened after January 1, 1976, for the purpose of increasing the support in the event the husband’s income warrants such an increase”. This is particularly noteworthy in view of the positions taken by counsel for the respective parties. Counsel for the petitioner contended that in view of the above-stated provision contained in the separation agreement, the petitioner need only show that the respondent’s income had in fact increased since the date of the agreement in order to justify an increase in the support order. Counsel for the respondent, however, took the position that the petitioner must demonstrate that both the needs of the child and the income of the respondent have increased in order to justify an upward modification of the support order. The resolution of this issue becomes especially important in view of the fact that the respondent was the sole witness to testify at the fact-finding hearing.
It would appear that the current trend of authority is to the effect that in order to justify an upward revision of a child support order both an increase in the needs of the child and an increase in the income of the respondent must be shown. In other words, proof of an increase in the father’s income, standing alone, does not constitute a change of circumstances sufficient t.o justify an upward modification. (Matter of Fensterheim v Fensterheim, 55 AD2d 516; Matwijow v Hay, 63 AD2d 859.) As previously stated, this would appear to be the current trend but there are cases to the contrary (cf. Matter of Handel v Handel, 32 AD2d 946, affd on procedural ground, 26 NY2d 853; Commissioner of Welfare v Belgrave, 16 AD2d 771).
Since the petition to modify, dated June 13, 1979, did not *786 allege that the needs of the child had increased, nor was any proof of increased needs of the child adduced at the trial, it would appear that if the afore-mentioned recent cases were held to be controlling, the petition might be subject to dismissal. However, this would not appear to be the case.
At first glance, it may appear that the petitioner is seeking to modify the child support provision in the separation agreement, i.e., seeking to go beyond the bounds of the separation agreement to obtain an increase in the child support order. If this is, in fact, the case, the petitioner has an additional burden other than that already discussed. This is the burden imposed by the Court of Appeals decision, Matter of Boden v Boden (42 NY2d 210). That decision made it clear that although the Family Court does have the authority to modify the child support provisions of a separation agreement, absent a showing of an unanticipated, unreasonable, and unforeseeable change in circumstances, the child support provisions of the separation agreement should not be disturbed at least where the agreement was fair and equitable when entered into.
However, it is clear to the court that the petitioner is not seeking to modify the child support provision of the separation agreement as such, but rather the request is to increase the amount of child support in accordance with the letter of the agreement as contained in paragraph "5” thereof. This point was explicitly made by counsel for the petitioner immediately preceding the fact-finding hearing. With this vital distinction in mind, it is the very rationale behind the holding in Matter of Boden v Boden (supra) which would permit the petitioner to obtain an upward modification in the child support provisions upon the mere showing of an increase in the income of the respondent. Simply stated, paragraph "5” of the separation agreement contains a clause which must be construed to have been intended to make the amount of weekly child support subject to increase at a rate directly proportional to the respondent’s income. The following language from Matter of Boden v Boden convinces this court that this intention should be given effect (pp 212-213): "Where, as here, the parties have included child support provisions in their separation agreement, the court should consider these provisions as between the parties and the stipulated allocation of financial responsibility should not be freely disregarded. It is to be assumed *787 that the parties anticipated the future needs of the child and adequately provided for them.”
The respondent, having agreed that the child support provision would be reopened for the purpose of increasing support in the event his income increased, cannot now reasonably contend that the petitioner must additionally show an increase in the needs of the child and that an unforeseen change in circumstances has occurred. The parties apparently intended to contract so as to meet the future needs of the child by way of this "escalator” provision and therefore this provision should be given effect.
Having determined that the petitioner would be eligible for an increase in the child support order upon a showing that the respondent’s income had significantly increased the final inquiry is whether or not the petitioner has introduced sufficient proof on this issue.
As previously stated, the sole witness to testify was the respondent, Michael K. Barylski. The respondent has been employed by the New York State Department of Environmental Conservation since 1975. In 1975 the respondent’s gross income was $8,001.78 and in 1976 it was $8,250.56. At that time, the respondent was apparently working full time. In 1977 the respondent earned $6,105.14 and in 1978 he earned $7,008.01. This reduction in income was due to the fact that the respondent was attending college on a part-time basis and working fewer hours. The respondent is currently working full time having received his bachelor’s degree. He is now earning a gross yearly salary of $10,937 which gives him a net biweekly pay of $298.41. While he was attending school, the respondent was netting $174.68 biweekly. There is no question that the respondent’s income has significantly increased. However, the testimony of the respondent also establishes that this increase in salary will be short-lived as he intends to continue his college studies at Rensselaer Polytechnic Institute in the fall, 1979 semester, with an eye toward obtaining his master’s degree. Respondent’s net biweekly income will then revert to $174.68 as of early September, 1979. This raises the issue as to whether the court will require the petitioner to wait longer still for an increase in child support. The respondent has been attending school and thus working only part time since 1976 and this has effectively negated any possibility that the respondent’s income would permanently increase so as to justify an increase in child support under the terms of the separation *788 agreement. The respondent has now obtained his bachelor’s degree but feels that his education should continue. It does not appear that the respondent is going to school merely to keep his income from increasing so as to avoid paying additional child support. To the contrary, it would appear that the respondent is attempting to obtain the maximum educational base upon which to build a career. Although normally, this is to be encouraged, it is the unpleasant duty of the court to "draw the line somewhere”. When the respondent obtains his master’s degree in June, 1980, he could conceivably decide to continue studying for his doctorate, or he could decide to embark on a new field of educational endeavor. Over four and one-half years have elapsed since the separation agreement was executed by the parties and since it is clear that the respondent certainly has the capacity to earn a higher income than that to which he has relegated himself, this court is of the opinion that the petitioner is presently entitled to a permanent increase in the child support payment.
As to the question of the amount of the increase, the court is of the opinion that $40 per week would be fair and reasonable. Consideration might have been given to a somewhat higher weekly amount but for the fact that the court is cognizant of the respondent’s sincere desire to continue his education and due consideration has been given to the respondent’s debts and expenses. The respondent will continue to pay the additional sum of $5 per week on the arrears of record which are due and owing to the Rensselaer County Department of Social Services until such arrears are paid in full. All of the above-mentioned payments shall be made to Rensselaer County Support Collection Unit in biweekly installments of $90. Additionally, the respondent shall continue to maintain medical insurance coverage for his child under his employer’s group insurance plan.
Counsel for the petitioner shall submit an amended order embodying the terms of this decision as well as an income deduction order pursuant to section 49-b of the Personal Property Law. The basic order shall provide that no deduction shall be made from the respondent’s wages unless he has missed two of his biweekly payments and notice of his delinquency and a copy of the income deduction order has been served on his employer after giving the respondent an opportunity to make up the missed payments.