■ In the Matter of MARGARET I. HILLMAN, Respondent, v KENNETH P. HILLMAN, Appellant. (Appeal No. 1.) — Order unanimously reversed, without costs, and matter remitted to Oneida County Family Court for further proceedings in accordance with the following memorandum: After a 10-year marriage which produced five children, the parties were divorced approximately 11 years ago. Petitioner has been on welfare for approximately 13 years and respondent makes child support payments to the Oneida County Department of Social Services (County Agency). The order from which this appeal is taken increased the amount of child support for the three children who are still minors from $49.50 ($16.50 per child) to $175 per week. The order is reversed and the matter remitted for further proceedings. In order to justify modification of a child support order, the court must find that circumstances have changed since its last order with respect to the father's means and the children's needs (Family Ct Act, § 461, subd [b]; § 466, subd [c]; *Matwijow v Hay*, 63 AD2d 859). Evidence adduced at trial established that respondent is a partner with his brother in Hillman's Poultry Farms, an apparently thriving business, with tax returns showing gross receipts for 1978 of $218,642.16 and for 1979 of $234,667.53. Respondent's personal tax returns, however, reported income for those years as approximately $5,000. The evidence also established that respondent, either individually or in partnership with his brother, owns a number of business and residential

properties which have a total value in excess of $200,000 on which respondent is individually liable for encumbrances in the amount of approximately $80,000. The record fails to establish whether respondent's holdings were before the court at the time the prior order was entered or whether the children's needs have increased so as to justify an upward modification. In the absence of findings by the trial court we are unable to determine what changes it found and what facts influenced its decision. Moreover, it appears that before the hearing, petitioner moved for extensive discovery but that these proceedings had not been completed at the time of the hearing. If she intends to pursue her contentions that respondent has been guilty of deliberately avoiding his obligations of support she should complete discovery and develop the record fully. Inasmuch as she seeks cancellation of respondent's alleged arrearage, which is actually owed to the department of social services, the county should be made a party to this proceeding to protect its interests. (Appeal from order of Oneida County Family Court — modify support.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.