■ BARBARA A. WILGOSZ, Respondent, v ROBERT H. WILGOSZ, Appellant. — In a matrimonial action in which the plaintiff wife had previously been granted a judgment of divorce, defendant appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered November 28, 1980, as, upon plaintiff's application, *inter alia,* to enforce the support provisions of the divorce decree, (a) awarded plaintiff the principal sum of $15,083.55 for arrears in alimony, (b) increased defendant's child support payments from $25 per week for each of the parties' two children, to $75 per week for each of the parties' two children, and (c) awarded plaintiff's attorney a counsel fee of $3,000 and (2) from a further order of the same court, dated March 10, 1981, which denied defendant's motion for a rehearing on the ground of newly discovered evidence. Order entered November 28, 1980 modified, on the law, by deleting the second decretal paragraph thereof (which increased child support payments), and substituting therefor a provision denying the branch of plaintiff's application which was for an upward modification of child support payments. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The findings of fact are affirmed. Order dated March 10, 1981 affirmed, without costs or disbursements. On January 30, 1976, the parties entered into a separation agreement, which, *inter alia,* required the husband to pay the wife $200 per week in alimony, less adjustments for any earnings by the wife, and required the husband to pay the wife $25 per week in child support for each of their children. In April, 1976, the wife obtained a judgment of divorce, and the separation agreement was incorporated but not merged in that decree. Thereafter, in June, 1977, when the husband was approximately six weeks in arrears in alimony, he induced the wife, in exchange for a lump-sum payment $1,400, to sign an agreement consenting to "a permanent termination of any alimony or support which I might be entitled to, under the agreement dated January 30, 1976 or otherwise, from my ex-husband Robert H. Wilgosz." The husband's attorney drafted that agreement, but the wife signed it without consulting her counsel. Since execution of the agreement, the husband has made no further alimony payments. The instant application, for arrears in alimony and an upward modification of child support payments, ensued. At the hearing on the application, the wife submitted proof that the children's expenses exceeded the amount of the husband's child support payments, but admitted that the children's expenses were "just about the same, just maybe a few dollars less" when the parties entered into the separation agreement. However, the husband acknowledged that his salary from his solely owned corporation, Taco Air-Conditioning, has increased substantially since he entered into the separation agreement. Special Term concluded that the agreement terminating the wife's alimony was "permeated with fraud, duress, overreaching and incompetence", and awarded the wife the principal sum of $15,083.55 for arrears in alimony. Further, Special Term granted the wife's application for upward modification of child support, and awarded her attorney

a fee of $3,000. Thereafter, the husband moved for a rehearing based on "newly discovered evidence", but that motion was denied. We agree with Special Term that the purported agreement terminating the wife's alimony in exchange for payment of an amount already due and owing to her pursuant to the separation agreement, was invalid (see *Christian v Christian*, 42 NY2d 63; *Stern v Stern*, 63 AD2d 700). However, the upward modification of child support was unwarranted. The wife failed to demonstrate any appreciable increase in need or unforeseen change in circumstances nor did she submit evidence that the separation agreement was inequitable when entered into (see *Matter of Boden v Boden*, 42 NY2d 210, 213; *Schiffman v Schiffman*, 79 AD2d 971; *Matter of Goldstein v Pesato*, 77 AD2d 878). We have considered appellant's remaining contentions and find them to be without merit. Margett, J. P., O'Connor, Weinstein and Bracken, JJ., concur.