■ GRACE K. KATZ, Appellant, v JOHN KATZ, Respondent.— In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Martin, J.), entered July 2, 1985, which denied her motion, *inter alia,* for an upward modification of the child support provisions of the parties' judgment of divorce, dated October 29, 1982.

Ordered that the order is affirmed, with costs.

On April 21, 1982, the parties entered into a comprehensive separation agreement. Among the terms thereof was a provision that the defendant husband pay to the wife the sum of $416.67 per month for the support of each of the two issue of the marriage. A separation provision was included in the separation agreement pertaining to the children's college education. Section XXXI of the separation agreement provides

as follows: "The Wife states that in no event and under no circumstances, now or in the future, does she desire to require the Husband to make any further payment for her or the childrens' support, ordinary or extraordinary, except in the event of a catastrophic happening, directly or indirectly other than as specifically set forth herein. It is understood that in the event of 'undue hardship' either the husband or the wife may make application to the Court for modification of this agreement only insofar as the child support provisions of this Agreement are concerned".

The separation agreement survived and was not merged in the ensuing judgment of divorce. The plaintiff thereafter moved, *inter alia,* to modify the judgment of divorce to increase the amount of child support, based essentially upon the defendant's substantially increased financial circumstances. Nowhere in the record is there evidence to support a conclusion that the current support provisions were inadequate to meet the children's reasonable needs.

In *Matter of Brescia v Fitts* (56 NY2d 132), which, like the instant case, involved a separation agreement which was not merged in the ensuing judgment of divorce, the Court of Appeals set forth the general rule that whether the evidence adduced by the parties shows a change of circumstances sufficient to warrant a modification is a question best left to the discretion of the trial court, whose primary goal is to make a determination based upon the best interests of the children. While courts are in apparent disagreement as to whether a substantial increase in the financial circumstances of the noncustodial parent, standing alone, is sufficient to warrant an upward modification of child support *(see, Eisen v Eisen,* 48 AD2d 652; *Matter of Handel v Handel,* 32 AD2d 946, *affd* 26 NY2d 853; *Matter of Goldberg v Berger,* 31 AD2d 637; *Matter of Kern v Kern,* 65 Misc 2d 765, 771; *cf. Matter of Gould v Hannan,* 44 NY2d 932; *Matter of Goldstein v Pesato,* 77 AD2d 878; *Edwards v Edwards,* 62 AD2d 1027; *Coen v Coen,* 56 AD2d 810, *appeal dismissed* 42 NY2d 966; *Matter of Best v Baras,* 52 AD2d 557), the Court of Appeals has ruled that it is not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase in child support *(see, Matter of Michaels v Michaels,* 56 NY2d 924, 926, *revg* 83 AD2d 841). Rather, it is sufficient if a change in circumstances has occurred which warrants an increase in the best interests of the child *(see, Matter of Michaels v Michaels, supra; accord, Van Niel v Van Niel,* 93 AD2d 986).

We do not construe that holding as mandating an upward

modification of child support in all cases where the salary of the noncustodial parent has increased. In the face of a detailed separation agreement, where the concern with the future is so pervasive that it cannot be said that the change in financial circumstances was so great as to be uncontemplated, the provisions of the agreement have been held to govern *(see, Matter of Gould v Hannan, supra)*. The record in the instant case reveals that the parties fully contemplated their respective earning potentials when they entered into the separation agreement. Absent any indication that the separation agreement was inequitable when it was entered into *(see, Wilgosz v Wilgosz,* 84 AD2d 838, 839), it cannot be said that the trial court abused its discretion in denying the plaintiff's application for an upward modification of child support payments. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.