■ ROBERT S. BARRAVECCHIO, Appellant, v DENISE K. BARRAVECCHIO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Willen, J.), entered September 26, 1986, as granted that branch of the defendant wife's motion which was for an upward modification of the child support provision of the parties' separation agreement pendente lite.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the aforementioned branch of the defendant's motion is denied, without prejudice to renewal upon proper papers.

Our review of the record discloses that the defendant wife

has failed to demonstrate the requisite change of circumstances warranting an upward modification of the plaintiff husband's child support obligations as set forth in the parties' 1984 separation agreement *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Harvey v Harvey,* 127 AD2d 819; *Katz v Katz,* 125 AD2d 549, 550).

In the course of a four-page affidavit, the wife merely recounted, in one brief paragraph, that it should be "obvious" to the court that the child support provisions of the separation agreement were inadequate. The wife, however, made no attempt to apprise the court of the specific "changed circumstances" on which her contentions of inadequacy were premised. Accordingly, while the wife's affidavit, at best, appears to set forth a general dissatisfaction with the child support provisions of the agreement, there are absent the requisite allegations of new or changed circumstances which must accompany a request for an upward modification of support in this case *(cf., Matter of Brescia v Fitts, supra; Katz v Katz, supra).* Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.