■ In the Matter of LORRAINE C. MASTEN, Respondent, v VINCENT MASTEN, Appellant.—In a support proceeding pursuant to Family Court Act article 4 for upward modification of the father's child support obligations, the father appeals from an order of the Family Court, Richmond County (Cognetta, J.), dated April 21, 1988, which, after a hearing, granted the petition.

Ordered that the order is affirmed, with costs.

As we have recently noted, "[t]he Family Court has discretion to increase child support in cases where a petitioner can show a change in circumstances which warrants the modification in the best interest of the child" (Matter of Bruhn v McCready, 138 AD2d 374, 376). The Family Court properly exercised its discretion in reviewing the evidence adduced at the hearing and concluded that the petitioner had established the existence of changed circumstances warranting an upward modification of the appellant's child support obligations (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Michaels v Michaels, 56 NY2d 924, 926). Further, in light of the existence of special circumstances, the Family Court properly consid-

ered the private school and college expenses of the parties' children in fashioning its award *(see, Hirsch v Hirsch,* 142 AD2d 138, 145; *Jackson v Jackson,* 138 AD2d 455; *Kaplan v Wallshein,* 57 AD2d 828). Finally, we note that the appellant failed to comply with Family Court Act § 424-a, in that, in response to the petitioner's application, he provided no documentation pertaining to his net worth. Since the appellant failed to disclose information critical to the assessment of his net worth, he is in no position to assert that the court erred in drawing inferences favorable to the petitioner with respect to the disputed financial issues *(cf., Richter v Richter,* 131 AD2d 453, 455). Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.