OPINION OF THE COURT
Jeffry H. Gallet, J.
Petitioner Commissioner of Social Services objects to the *281 order (Nancy Samotin, Hearing Examiner), dismissing her petition for an increase in the amount of child support ordered in 1989 (Eileen P. Schnabel, Hearing Examiner). The objections are sustained and this matter is remanded to Hearing Examiner Samotin for a new hearing.
Respondent’s daughter Dori resides with respondent’s mother who receives public assistance to support her. Respondent’s mother has assigned her right to receive child support for Dori to the Commissioner who, in 1989, received an order of support of $75 biweekly, plus a biweekly payment of $5 toward repayment of the sum of $225 respondent owed the Commissioner.
The Commissioner now moves for an increase in child support arguing that the respondent’s income has increased substantially and the Commissioner’s support for the child has increased slightly. Hearing Examiner Samotin found that in order for child support to be increased there must be a significant increase in both the parent’s income and the child’s needs. The Hearing Examiner found that the Commissioner’s increase in child support to the grandmother was insignificant and dismissed the petition because the Commissioner offered no evidence of the child’s increased needs.
Every child support order, whether it be an initial order or a modification of a prior order, must consider two factors, the child’s needs and the parent’s ability to pay. (Family Ct Act §§ 413, 416; Giuffrida v Giuffrida, 81 AD2d 905 [2d Dept 1981].)
While there is substantial authority to support Hearing Examiner Samotin’s decision to dismiss the Commissioner’s petition for failure to prove both increased needs and a parent’s increased means (Matter of Mishook v Mishook, 78 AD2d 570 [3d Dept 1980]; Matter of Goldstein v Pesato, 77 AD2d 878 [2d Dept 1980]; Matter of Fensterheim v Fensterheim, 55 AD2d 516 [1st Dept 1976]), there is also a line of cases finding that an increase in a parent’s income alone may be the basis for an increase in support (Edwards v Edwards, 62 AD2d 977 [2d Dept 1978]; Eisen v Eisen, 48 AD2d 652 [2d Dept 1975]; Haggerty v Haggerty, 43 AD2d 969 [2d Dept 1974]; Matter of Handel v Handel, 32 AD2d 946 [2d Dept 1969], affd 26 NY2d 853 [1970]; Matter of Swerdloff v Weintraub, 26 AD2d 826 [2d Dept 1966]). The more recent trend has been to look to the child’s best interests. (Matter of Michaels v Michaels, 56 NY2d 924 [1982]; Matter of Brescia v Fitts, 56 NY2d *282 132 [1982]; Matter of Bard v Bard, 125 AD2d 464 [2d Dept 1986].)
None of the existing law addresses the circumstances of this case. In a perfect universe, every parent would have the means to meet his/her child’s needs. However, in this less than perfect world, as happened here, child support orders are sometimes made for less than the child’s basic needs, because a parent has no more to give.
In order to assure a minimum standard of life for all children, the Legislature created public assistance at an amount it found to meet a child’s minimum needs. (See generally, Social Services Law art 5; legislative findings, L 1969, ch 184, § 1; 18 NYCRR part 352; Matter of Carolyn C. v Frank G., 106 Misc 2d 510 [Fam Ct, NY County 1980].) Where, as here, a parent is unable to fully meet a child’s minimum needs, the parent pays a local Commissioner of Social Services the amount she/he is able in accordance with his/her means and the Commissioner supplements that amount in a payment to the child’s caretaker. Significantly, when the 1989 order of support was set, the mother was not meeting the child’s minimum needs which can be no less than the public assistance level.
The essence of respondent mother’s argument is that although she would have been required to pay all, or at least a greater portion, of her child’s needs when the original order was set had she the means, since an order was set when she had less income, the law does not permit an application to have her meet the child’s minimum needs, unless those minimum needs have increased. The lack of logic in an argument that says that since the public supplemented her support to her child while her means were less, it is now obligated to continue support of the same level even though her means are now greater is manifest. The test requiring that an increase in a child’s needs be shown before a child support order is increased cannot apply to a situation where a parent under the first order was not meeting the child’s minimum needs.
Accordingly, the order dismissing the Commissioner’s supplementary petition is reversed and the parties are directed to appear before Hearing Examiner Samotin on December 2, 1991 for additional proceedings consistent herewith.