■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of BARBARA JACOBS, Appellant, v WILLIAM CURRIE, Respondent. In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of LISA COSTELLO, Appellant, v ALFONSO MALDONADO, Respondent.—Order of the Family Court, New York County (George Jurow, F.C.J.), entered on December 4, 1990, which confirmed the Hearing Examiner's order dismissing the Commissioner's petition on behalf of Barbara Jacobs for upward modification of a child support award, based on an increase in the respondent father's income, unanimously reversed, on the law, the petition is reinstated, and the matter is remanded for a hearing on the petition, consistent herewith, without costs.

Order of the Family Court, New York County (George Jurow, F.C.J.), entered on December 4, 1990, which confirmed the Hearing Examiner's order dismissing the Commissioner's petition on behalf of Lisa Costello, for upward modification of a child support award, based on an increase in the respondent father's income, unanimously reversed, on the law, the petition is reinstated, and the matter is remanded for a hearing on the petition, consistent herewith, without costs.

These two unrelated petitions present the same legal issue: whether, on a petition for upward modification of a child support award, where the family is receiving public assistance, the petitioner must show an increase in the child's needs in addition to an increase in the respondent parent's income. We hold that neither the relevant statutes nor decisional law imposes such a requirement, and accordingly, reverse *(see,* Family Ct Act §§ 413, 415; *see generally, Matter of Commissioner of Social Servs. v Segarra,* 78 NY2d 220).

Each of these petitions involves an application for upward modification of a support award based solely on an increase in the respondent father's income. In both cases, the child is a recipient of public assistance pursuant to the Federal Aid to Families with Dependent Children program. In each case the Family Court relied on *Matter of Masten v Masten* (150 AD2d 693, *lv denied* 74 NY2d 611) and *Katz v Katz* (125 AD2d 549) to hold that proof of an increase in respondent's salary alone is insufficient to warrant an increase in support, and that petitioner must also show that the child's needs have increased. In each case the Family Court also found that the child's needs had actually decreased since the date of the prior support order. To support this finding, the Court relied on the fact that the prorated reduction in the family's assistance grant allocable to the dependent child had been reduced by $2 per week in the Jacobs application and $8 per week in the Costello application.

We hold that the Family Court's reliance on the standards discussed in *Katz (supra)*, which involved modification of a support provision in a separation agreement that survived a divorce decree, and *Masten (supra)*, which involved special circumstances, including non-disclosure of assets and payment of private school and college tuition, is misplaced *(see, Matter of Brescia v Fitts,* 56 NY2d 132). In *Brescia,* the Court held that where an upward revision of a support award involves the right of the child to receive adequate support, a showing of increased need is not required *(supra,* at 139). Where, as here, the income level of the custodial parent places the dependent child in a family living below the poverty level as set by the United States Department of Health and Human Services, a significant increase in the salary of the non-custodial parent constitutes a sufficient change in circumstances to warrant an increase in the support award in the best interests of the child *(see generally, Matter of Commissioner of Social Servs. v Segarra, supra).*

In the application on behalf of Barbara Jacobs, the father's income had increased from $293 to approximately $366 per week. His dependent child was receiving $37 per week in public assistance and $30 per week in child support at the time of the petitions.

In the Costello application, the father's income had increased from $274 to over $500 per week. His dependent child was receiving $33 per week in public assistance and $20 per week in child support.

We are of the opinion that the petitioners in both cases are

entitled to an opportunity to prove that the child's best interests warrant an increase in court-ordered child support based solely upon the increase in income of the non-custodial parent.

On remand, the Court should apply the provisions of the recently enacted "Child Support Standards Act" (Family Ct Act § 413), even though in the Costello application the petition was filed prior to the effective date of section 413 as amended (*see, Gelb v Brown,* 163 AD2d 189). Concur—Murphy, P. J., Sullivan, Milonas, Ellerin and Smith, JJ.