■ GRACE GUSTIN, Appellant, v HAROLD GUSTIN, Respondent. —In a matrimonial action in which the parties were divorced by judgment dated June 23, 1976, the plaintiff mother appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated June 14, 1990, which denied her motion for upward modification of child support.

Ordered that the order is affirmed, with costs.

The plaintiff mother and the defendant father were divorced in 1976 pursuant to a stipulation of settlement, which was not merged into their judgment of divorce. The parties had one daughter, then five years of age. Under the terms of the stipulation, the father was to pay the mortgage and real estate taxes on the marital home in full satisfaction of his child support obligations. The stipulation was silent as to who would pay for the daughter's college expenses. When the daughter reached college age, the mother brought this motion to increase her father's child support payments to require him to pay all of his daughter's private college expenses. The father responded that he had been voluntarily paying one-half of his daughter's college expenses. The mother's motion was denied without a hearing.

The court did not improvidently exercise its discretion in denying the requested relief. The mother's claim was essentially premised on two grounds: first, that the father was more financially able to pay for their daughter's college costs, and second, that the parties' daughter had special educational needs. We note that the stipulation of settlement was fair and equitable when made. There has been no unforeseen change in circumstances and a concomitant showing of need. Accordingly, there is no reason to modify the defendant's child support obligation (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Boden v Boden, 42 NY2d 210).

Moreover, the mother's claims that the parties' daughter had special educational needs is simply not supported by the record. The mother made conclusory allegations that simply because her daughter did not excel in school, she required special education at an expensive private college. The father has voluntarily paid one-half of the daughter's college education expenses up to now and we see no reason to disturb this voluntary arrangement. Should he fail to continue to make such payments, the mother may make an appropriate application at that time. We also reject the mother's contention that she was entitled to a hearing (see, Barravecchio v Barravecchio, 138 AD2d 659; Senzer v Senzer, 132 AD2d 694). Balletta, J. P., Rosenblatt and Pizzuto, JJ., concur.

Miller, J., concurs in the result, with the following memorandum: I concur in the majority's conclusion that the plaintiff mother has failed to establish the need for an upward modification of child support to provide for a special educational curriculum for the parties' only child. The record reflects that each party has contributed to their daughter's college education at the University of Bridgeport and that her

educational needs are adequately being met. The plaintiff mother has failed to establish that this arrangement is otherwise in need of modification *(see, Brevetti v Brevetti,* 182 AD2d 606; *Neckers v Neckers,* 160 AD2d 693).

However, I concur separately because it is essential to state that this case should not be construed to hold that a child with a learning disability and special educational needs may not in appropriate circumstances be entitled to increased child support from a noncustodial parent to pay for a specialized college curriculum. Where special circumstances are otherwise established *(see, Haimowitz v Gerber,* 153 AD2d 879; *see also, Frankel v Frankel,* 82 AD2d 796 [in which special circumstances were found to warrant the payment of tuition based only upon consideration of the noncustodial parent's financial ability and the home environment without reference to the child's academic ability]), and it is proven that the child possesses an inchoate academic ability which may be fostered by a specialized educational program, clearly then it may be within that child's best interest to receive the additional support necessary to provide for a specialized college education *(see, Scheuer v Scheuer,* 144 AD2d 225). Under such circumstances, an upward modification of child support could well be warranted.

Notwithstanding this child's superior intelligence (she scored in the 91st percentile of the Wechsler Intelligence Scale for Children), she suffered from some form of learning disability which deterred her reading ability, and resulted in a poor high school academic performance. That such a child merits an appropriate college education is borne out by her first semester college performance, when she placed in the top half of her class. In this case, since the parents are jointly providing for the child's education, there is presently no need for an increase in education-related support.